277 So.2d 838 (1973)
Alton B. ROGERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 72-1339.
District Court of Appeal of Florida, Third District.
May 22, 1973.
Charles D. Edelstein, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Peter F. LaPorte, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PEARSON, Judge.
On November 8, 1971, the defendant was charged by information with four violations of Fla. Stat. § 404.02, F.S.A. Count I charged the defendant with unlawful sale of marijuana to one C.F. Lamkin on September 24, 1971. Count II charged the defendant with unlawful possession of marijuana on September 24, 1971. Count III charged the defendant with unlawful sale of marijuana to one T.J. Mayo on September 24, 1971. Count IV charged the defendant with unlawful possession of marijuana on September 24, 1971.
The defendant was tried on September 6, 1972 before the court sitting without a jury. The court found that the police entrapped the defendant into making the sales charged in the information, and acquitted the defendant of Counts I and III. However, the court adjudicated the defendant *839 guilty on Counts II and IV which charged possession. This appeal followed.
Appellant urges that where a trial court finds the police guilty of unconscionable conduct by entrapping a defendant into acting as a conduit for the sale of marijuana, then the trial court may not, having acquitted the defendant of the sale of marijuana, find him guilty of possession of the same marijuana which he possessed momentarily as an integral part of the sale. We think that this position is well taken. In the case at bar, the trial court found that the police were guilty of unconscionable conduct. There was no showing that the defendant had any predisposition to possess a felonious quantity of marijuana or to sell any, though he admitted to having used it in the past. The only marijuana that appellant is charged with possessing is the marijuana that was a part of the sale. The State has suggested that additional marijuana was involved but the record does not support such an assertion.
We have reviewed the State's contention that the record exempts the conviction for possession from the entrapment holding because the record shows appellant's predisposition to possess marijuana even if it shows that he had no predisposition to sell it. We do not think that this argument is sustainable on the record before us.
The defense of entrapment prevails when the defendant's criminal design has its origin in the minds of government officials, and the government officials implant the disposition to commit a crime in the defendant's mind, thereby actively inducing the commission of the crime. In State v. Liptak, Fla. 1973, 277 So.2d 19, filed April 4, 1973, the Supreme Court of Florida stated that "... an essential element of the offense of entrapment is inducement by police leading to the commission of the crime by one who otherwise had no intention of committing the crime." In the case at bar, the record affirmatively shows the essential element of inducement by the police leading to the commission of a crime. Accordingly, the judgment and sentence are reversed and the cause remanded with directions to discharge the appellant.
Reversed and remanded with directions to discharge the appellant.