## CHARLES CAMPBELL v. STATE OF FLORIDA

6 So. (2nd) 828        ·      Division B

March 13, 1942

W. W. Flournoy, for appellant;

J. Tom Watson, Attorney General, Millard B. Conklin, Assistant Attorney General, and Woodrow M. Melvin, Assistant Attorney General, for appellee.

THOMAS, J.:

The defendant was convicted of keeping and operating "a house of ill-fame, resorted to for the purpose of prostitution and lewdness" in violation of Section 7576, C.G.L., 1927.

It appears that there are three elements of the offense denounced by the statute which must be proven beyond a reasonable doubt in order to substantiate conviction; namely, the ill fame of the place in question, its use for prostitution or lewdness, and its maintenance by the defendant. We shall treat of them in that order, alluding, as we proceed, to the testimony introduced by the state to establish these features of the alleged crime.

The sheriff of the county testified, when asked if he knew "the general reputation of the place, whether it was bad or good, for morals," that "it was bad" and also swore that its "reputation for lewdness" was "bad."

In King v. State, 17 Fla. 183, this court held that testimony anent the reputation of such a house and its habitues was admissible and indicated approval of the rule then prevailing in Connecticut, that such testimony was not only permissible but *necessary* to prove reputation. This rule was again recognized in a decision in Atkinson v. Powledge, 123 Fla. 389, 167 So. 4. In recent years there has been criticism of the requirement of such evidence it being the view of some authorities that the words "ill fame" are descriptive of the nature of the place which may be shown by proof of its use without establishing its reputation (17 Am. Jur., Disorderly Houses, page 109), however, in view of the sheriff's testimony in this case and the right of the jury to believe it we think no further dis-

cussion is necessary. As will be seen the character and use of the place were fully established.

The defendant attempted to employ two young girls to perform services as courtesans and to share their earnings with him. Failing that, he interested in the enterprise two strange women who stayed at the camp a short period of time. In the course of their residence one of them engaged in sexual commerce on three occasions and her companion once, each paying to the defendant one dollar for each experience, that being the agreed share. The testimony of these acts of unlawful intercourse was given by the women themselves and the jury found it was sufficient to show that the house was operated and used for purposes of prostitution. Their conclusion was justified.

There is no doubt that the defendant was the renter of the particular auto camp, for he admitted it, and this, linked with the testimony of the women whom he engaged, amply established that he was the keeper of the premises.

When all of this testimony is considered, separately and collectively, it proves the elements of the offense and established the guilt of the defendant.

We do not find occasion to interfere with the verdict of the jury. It is, therefore, ordered that the judgment is—

Affirmed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.