**IN RE: MABEL H. WADE, a Spinster, Suratorship; MABEL H. WADE, a Spinster, v. BESS WELLS JANNEY.**

7 So. (2nd) 797                                      Division A
April 28, 1942

Frank F. L'Engle, for appellant.

C. B. Peeler, for appellee.

PER CURIAM:

The proceeding in the lower court was one for the appointment of a Curator as provided by Chapter 17976, Acts of 1937.

Section 10 of Chapter 17976, supra, provides that appeal may be taken within six months of the entry of the final decree in the proceedings.

Chapter 20441, Acts of 1941, provides that all writs of error and appeals in chancery shall be taken within 60 days from the day of entry of the order appealed from.

The appeal herein was entered less than six months from the entry of the order appointing the Curator, but more than 60 days after October 1, 1941, the effective date of Chapter 20441, supra. The sole question presented, therefore, is: Whether Chapter 20441, supra, repeals Section 10, Chapter 17976. Any repeal must be by implication for there is no express repeal of Chapter 17976.

Chapter 17976, supra, was re-enacted by the same Session of the Legislature that enacted Chapter 20441, by the adoption of Chapter 746 of the Revised Florida Statutes of 1941. Old Section 10 Chapter 17976 is now Section 746.15 Florida Statutes.

While it is true that a prior Act may be repealed in part, or in toto by implication through the passage of a subsequent Act (City of Jacksonville v. Bowden, 67 Fla. 181, 64 Sou. 769, LRA 1916D, 913, Ann. Cas. 1915D, 99), such repeals are not favored and there must be a positive repugnancy between the two or a clear intent to repeal must be apparent. Dade County v. City of Miami, 77 Fla. 786, 82 Sou. 354.

The same rule of construction applies to the case where it is sought to be shown that a general Act repeals by implication a prior Act dealing with a narrower or more limited subject, special in its nature and application. Luke, a slave, v. State, 5 Fla. 185; State v. Southern Land & Timber Co., 45 Fla. 374, 33

Sou. 999. General authorities to the same effect: 59 C. J. 935; Lewis' Sutherland, Statutory Construction (2nd Ed. 1904) Vol. 1, 526.

It is said that the later general Act will be presumed to have made an exception of the prior special one, unless the contrary clearly appears.

Applying the rule stated, it seems clear that Chapter 20441, supra, was never intended to repeal Chapter 17976.

Motion to dismiss is denied.

So ordered.

BROWN, C. J., WHITFIELD, BUFORD and ADAMS, JJ., concur.