**GEORGE B. ATKINSON, v. STATE OF FLORIDA**

23 So. (2nd) 524      June Term, 1945
October 12, 1945      Division A

*Noah B. Butt,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

ADAMS, J.:

This appeal is from a conviction of crime denounced by Sec. 796.01, F.S. '41, F.S.A., reading:

"Whoever keeps a house of ill fame, resorted to for the purpose of prostitution or lewdness, shall be punished by imprisonment not exceeding one year."

Among other questions raised it is claimed that this statute was repealed by Chapter 21664, Acts of 1943, Sec. 796.07, cumulative supplement to 1941 statutes. The latter statute provides that it shall be unlawful to:

"(2) (a) To keep, set up, maintain, or operate any place, structure, building or conveyance, for the purpose of lewdness, assignation or prostitution."

The last statute also contained the usual clause of repealing all laws in conflict although there was no express reference to the former Act. In Florida East Coast Railway Company v. Hazel, 43 Fla. 263, 30 So. 272, we said:

"Repeals by implication are not favored, and in order that a court may declare that one statute repeals another by implication it must appear that there is a positive repugnancy between the two or that the last was clearly intended to prescribe the only rule which should govern the case provided for, or that it revises the subject matter of the former."

Also see Beasley v. Coleman, 136 Fla. 393, 180 So. 625; In re Wade v. Janney, 150 Fla. 440, 7 So. (2nd) 797.

The statute under which this conviction was had has been a part of our statute law since 1868 and we have stated the elements of the offense denounced. See Campbell v. State, 149 Fla. 701, 6 So. (2nd) 828. One of the elements is the ill

fame of the place in question. A casual reference to the 1943 statute reveals that this element is not essential for a conviction under the 1943 Act. It appears to us that both statutes have a sphere of operation and there is no conflict or repugnancy in them.

All other questions have been duly considered and found without merit.

The judgment is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.