ALLEN, Justice.
A certified question in the above matter was taken to the Supreme Court prior to the first day of July, 1957, and by the Supreme Court transferred to the District Court of Appeal of Florida, Second District, for its consideration and determination.
The question propounded is as follows:
“Have the provisions of the Uniform Veterans’ Guardianship law, Chapter 293 Florida Statutes, as they relate to minor beneficiaries of the veterans’ administration who are not or were not veterans themselves, been repealed or are they in full force and effect ?”
Beatrice Smith, mother of the minors involved, and H. V. Higley, as Administrator of Veterans’ Affairs, filed a joint petition requesting that Beatrice Smith be appointed guardian of said minors under provisions of the Uniform Veterans’ Guardianship Law (Chapter 293, F.S.1955, F.S.A.), on January 25, 1956. The County Judge appointed said Beatrice Smith as guardian of the property, or of the person and property, as she might elect, as provided by the provisions of Chapters 744, 745 and 746, F.S.1955, F.S.A., but refused to appoint her as guardian under the Uniform Veterans’ Guardianship Law on the ground that the provisions of the Uniform Veterans’ Guardianship Law had been repealed and no longer applied in cases of minors who are not incompetent World War veterans. An appeal was taken from the order of the County Judge to the Circuit Court of the 15th Judicial Circuit in and for Broward County, and as above mentioned, a request was made to the Supreme Court to answer the certified question, above quoted.
The Legislature in 1945 passed Chapter 22750, Acts of 1945, the title of which was as follows:
“An Act revising and amending Chapters 744, 745, and 746, Florida Statutes, 1941, relating to guardians and wards; and repealing Sections 689.16 and 693.06 to 693.12, inclusive, Florida Statutes, 1941, and all other laws and parts of laws in conflict herewith.”
Section 4 of Chapter 22750 provided:
“All present existing Sections of Chapters 744, 745, 746, and Sections 689.16, and 693.06-693.12, inclusive, Florida Statutes, 1941, are hereby repealed as of the effective date of this Act. All other laws and parts of laws in conflict with this Act, or any part thereof, except Section 95.21, Florida Statutes, 1941, and except as provided in Section 744.05, Florida Statutes, as herein amended, concerning incompetent World War Veterans, are hereby repealed.” F.S.A. §§ 744.01 note, 745.01 note, 746.01 note.
Section 744.05, F.S.1941, F.S.A., was amended by Ch. 22750, above, to read as follows:
“Guardians of incompetent world war veterans: The provisions of this law shall extend to incompetent World War Veterans, specifically provided for in chapters 293 and 294, Florida Statutes, or any amendment or revision thereof. The provisions of this law shall be cumulative to the provisions of said chapters. However, any conflict arising between provisions in said *725 Chapters 293 and 294, or any amend- ■ ment or revision thereof, and this law shall he resolved by giving effect to the law as stated in said chapters.”
The County Judge was of the opinion that the provisions appearing in Section 4 of Chapter 227S0 to the effect that all laws and parts .of law in conflict therewith were repealed, except as provided in Section 744.05, F.S.1941, F.S.A., as therein amended, concerning incompetent World War veterans, repealed those parts of Chapter 293 relating to minor beneficiaries of the veterans’ administration who were not themselves incompetent World War veterans.
We disagree with the conclusion reached by the County Judge. It is worth noting that the title to Chapter 22750, Acts of 1945, specifically provided for the amending of Chapters 744, 745 and 746, F.S.1941, F.S.A., relating to guardians and wards and repealed Sections 689.16, 693.06 to 693.12, inclusive, and all other laws and parts of laws in conflict therewith. Nowhere in the title of the Act was there any mention of Chapters 293 and 294.
The Florida Uniform Veterans’ Guardianship Law relates to veterans or others entitled to receive benefits through the veterans’ administration, and was adopted as a uniform veterans’ guardianship law.
It will be observed also that F.S. § 744.05, F.S.A., provides that any conflict between the general guardianship laws and the veterans’ guardianship laws (Chapters 293 and 294) shall be resolved by giving effect to the provisions of Chapters 293 and 294. Section 744.01 provides that Chapter 744, together with 745 and 746 next following, is known and may be cited as the Florida Guardianship law. These three acts constitute a general law with reference to guardianship. The Uniform Veterans’ Guardianship Law (F.S. Chapter 293, F.S.A.) is a special or limited law. It is the rule of statutory construction that general and special statutes should be read together, and if possible, harmonized; but that in the event of a conflict, the special statute will prevail in the absence of a clear legislative intent to the contrary. 82 C.J.S. Statutes § 369, p. 839.
The Supreme Court of Florida held in Wade v. Janney, 1942, 150 Fla. 440, 7 So. 2d 797, that a general act will be presumed to be an exception to a prior special one unless the contrary clearly appears. F.S. § 744.05, F.S.A., specifically provides that in the event of any conflict arising between the general guardianship laws and the veterans’ administration guardianships, that such conflict shall be resolved by giving effect to the veterans’ acts.
We note also that Dan Redfearn, who was a member of the committee that drafted the Guardianship Acts, in the 1957 Edition of his work, Wills & Administration of Estates, considers that beneficiaries other than veterans are included under the provisions of the Uniform Veterans’ Guardianship Law. We quote from Section 415 of Redfearn’s treatise, supra:
“§ 415. — Special provisions have been made in Florida for guardianship of veterans and other beneficiaries of the veterans’ administration by the enactment of the Uniform Veterans’ Guardianship Law. (293, 294) Whenever there is a conflict between this law and the general guardianship laws of Florida, such conflict is resolved by giving effect to the former. F.S.A. 744.05”.
It is worth noting that the Attorney General of Florida, in preparing the biennial revisions of the General Statutes and Laws of the State of Florida, has not omitted any of the provisions of the Uniform Veterans’ Guardianship Law, as having been repealed or superseded by Chapter 22750, Acts of 1945. There have been six complete revisions of the General Statutes of the State subsequent to the general guardianship law of 1945.
In answer to the certified question, it is our opinion that the provisions of the
*726 Uniform Veterans’ Guardianship Law, F.S. Chapter 293, F.S.A., as they relate to minor beneficiaries of veterans’ administration who are not or were not veterans themselves, were not repealed by Chapter 227S0, Acts of 1945, and are in full force and effect at the present time.
KANNER, C. J., and STEPHENSON, A. J., concur.