QUESTION:
Which statute, s. 695.02(4) or s. 28.24, F.S., provides the fee to be charged by a circuit court clerk for recording, indexing, and filing a blank or master form instrument?
SUMMARY:
Section 695.02(4), F.S., was superseded and repealed by s. 28.24, F.S., as amended by Ch. 70-134, Laws of Florida. Hence, the fee to be charged by the clerk of the circuit court for filing, indexing, and recording a blank or master form instrument is that provided by s. 28.24(16): (four dollars for the first page or fraction thereof and two dollars for each additional page or part thereof).
In my opinion, the answer to your question is s. 28.24, F.S. Section 695.02(4), F.S., provides in pertinent part that "[t]he fee for filing, recording and indexing such blank or master form [instruments] shall be five dollars . . . ."
Section 28.24, F.S., provides in pertinent part:
"The clerk of the circuit court shall make the following charges for services rendered by his office in recording documents, instruments, and in performing the duties enumerated: * * * * * (16) For recording, indexing, and filing any instrument not more than fourteen inches by eight and one-half inches, including notice: (a) First page or fraction thereof . . . $4.00(b) Each additional page or fraction thereof . . . $2.00."
Section 695.02, supra, was enacted by the legislature in 1935 by ss. 1-4, Ch. 17109, 1935, Laws of Florida. At that time, the predecessor to s. 28.24, supra, was already in existence; CGL 1927, s. 4867. This latter statute provided, much as s. 28.24
presently does, for the general schedule of fees to be charged by clerks of circuit courts for their services. Section 695.02,supra, was enacted as an exception to the general fees set out in the 1927 law.
The 1927 predecessor of s. 28.24, supra, was amended in 1955; s. 2, Ch. 29749, 1955, Laws of Florida. This amendment again provided a general fee schedule and further specifically repealed two statutes which had previously created exceptions to the general schedule. Section 695.02, supra, was not one of the statutes so repealed.
The predecessor of s. 28.24, supra, was again amended in 1963. Section 1, Ch. 63-45, Laws of Florida. This amendment revised the general fee schedule once more, but it had no provision repealing any of the more narrowly drawn fee-setting statutes, such as s.695.02, supra.
The next and final amendment, which put s. 28.24, supra, in its present form, was enacted in 1970. Chapter 70-134, Laws of Florida. This act again revised the general fee schedule for clerks of circuit courts. It also amended numerous statutes which had theretofore provided exceptions to the general fee schedule so that, thereafter, the fees for the services rendered under those statutes would be set by s. 28.24. Further, s. 40 of the 1970 act provided: "The fees herein shall supersede and repeal all laws in conflict herewith except as provided in Section 28.241, Florida Statutes." Since s. 695.02, supra, was not one of the statutes specifically amended by Ch. 70-134, your question essentially is whether or not s. 695.02(4) was impliedly repealed and superseded by that chapter in light of its language in s. 40 of Ch. 70-134.
While it is true that a prior act may be repealed in part or in whole by implication through the passage of a subsequent act, such repeals are not favored, and there must be a positive repugnancy between the two or a clear intent to repeal must be apparent. Inre Wade, 7 So.2d 797 (Fla. 1942). This rule of construction applies to the determination of whether a general act repeals by implication a prior act dealing with a narrower or more limited subject, special in its nature and its application. In re Wade. A general statute is presumed to have made an exception of a specific act unless there is clear legislative intent to the contrary. In re Wade; In re Adams Guardianship, 99 So.2d 723 (2 D.C.A. Fla., 1958). Such an expression of legislative intent to repeal is present when the later general statute is clearly intended to provide the only rule to govern the case provided for or when it revises the subject matter of the prior existing narrow statute. Tamiami Trail Tours, Inc. v. City of Tampa, 31 So.2d 468
(Fla. 1947); Atkinson v. State, 23 So.2d 524 (Fla. 1945); Florida E. C. Ry. v. Hazel, 31 So. 272 (Fla. 1901).
It is my opinion that the clear intent of the legislature in enacting Ch. 70-134, supra, was to totally revise and prescribe the only rule which should govern fees charged by clerks of circuit courts. The most obvious indication of legislative intent is s. 40 of Ch. 70-134, quoted above. On this point, the case of Orange City Water Co. v. Town of Orange City, 255 So.2d 257 (Fla. 1971), is most instructive. The court held therein that the provision of an act stating that "[t]his Chapter shall supersede all other laws on the same subject" was a clear indication of legislative intent to enact the only law governing that subject. The statement in s. 40 that "fees herein shall supersede and repeal all laws in conflict herewith except as provided in section28.241 . . ." is an equally clear expression of the legislative intent to provide the only law on the subject of that legislation, to wit: fees charged by a circuit court clerk for recording, indexing, and filing any instrument. The only statute excepted from the operation of the repealer provision of s. 40 is s.28.241, F.S. Under the rule of expressio unius est exclusioalterius, when a statutory provision sets forth exceptions, no others may be implied to be intended. Williams v. American Surety Company of N. Y., 99 So.2d 877 (2 D.C.A. Fla., 1958); Biddle v. State Beverage Department, 187 So.2d 65, (4 D.C.A. Fla., 1966); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952).
Further indication of the legislature's intent is found in the preamble to Ch. 70-134, supra. In its preface to the act, the legislature notes the rising cost of all services provided by a county clerk's office and the unrealistic fees charged by clerks to defray those costs. Finally, the legislature states:
". . . this condition was brought to light by numerous committee meetings called by the president of the clerks association to examine all fees for services and after a detailed review of thepresent statutes this revision has provided amendments to bringthe office income more in keeping with present day costs andrequired services . . . . "(Emphasis supplied.)
Clearly, this is an expression of legislative intent to revise the whole subject of clerk's fees, to provide the only law on that subject, and to supersede all laws, except s. 28.241, F.S., in conflict therewith. It follows that s. 28.24, F.S., as amended by Ch. 70-134, supersedes and repeals the fee allowed by s.695.02(4), F.S., for filing, indexing, and recording master and blank form instruments.