QUESTION: What service charge may the governing body of a municipality impose for the collection of a dishonored check, draft, or other order for the payment of money to a municipal official or agency in light of the enactment by the Legislature of Chs. 75-56 and 75-189, Laws of Florida?
SUMMARY: Notwithstanding the enactment of Ch. 75-189, Laws of Florida (s. 832.07, F. S.), the service fee which a municipality may charge for collecting a dishonored check is limited to not more than $5 by Ch. 75-56, Laws of Florida (s. 166.251, F. S.). While Ch. 75-189 may be utilized by a municipal officer or agency where the conditions prescribed therein have been met, the statutorily prescribed form of notice to the maker of the dishonored check should reflect the limitation prescribed by s.166.251: i.e., not more than $5. As made manifest by the title and purview thereof, Ch. 75-56, Laws of Florida, is "an act relating to state and local governments," speaking to and operating specifically on state agencies and officers, counties, and municipalities. Section 2, Ch. 75-56 (now codified as ss. 125.0105
and 166.251, F. S.), with which your question is primarily concerned, provides as follows: The governing body of a county or municipality may adopt a service fee up to $5 for the collection of a dishonored check, draft or other order for the payment of money to a county or municipal official or agency. The service fee shall be in addition to all other penalties imposed by law. Proceeds from this fee, if imposed, shall be retained by the collector of the fee. In contrast, Ch. 75-189, Laws of Florida, is "an act relating to worthless checks . . . [and] prima facie evidence of intent to issue a worthless check . . . ." It operates in a general area and on the public generally, i.e., it concerns evidence of intent to issue a worthless check in any criminal prosecution brought under Ch. 832, F. S. Section 1, Ch. 75-189 (now codified as s. 832.07, F. S.) provides in part as follows: (1) INTENT. — (a) In any prosecution or action under chapter 832, the making, drawing, uttering, or delivery of a check, draft, or order, payment of which is refused by the drawee because of lack of funds or credit shall be prima facie evidence of intent to defraud or knowledge of insufficient funds in, or credit with, such bank, banking institution, trust company, or other depository unless such maker or drawer, or someone for him, shall have paid the holder thereof the amount due thereon, together with a service charge not to exceed $5, or 5 percent of the face amount of the check, whichever is greater, within 20 days after receiving written notice . . . .
The form of notice thereinafter prescribed sets forth the same requirements: Payment of the amount of the dishonored check, plus a service charge not to exceed $5 or 5 percent of the amount of the check, whichever is greater. Construing the above-quoted provisions for purposes of this opinion, it is a well-established rule of statutory construction that a statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. In this situation, "the statute relating to the particular part of the general subject will operate as an exception to or qualification of the general terms of the more comprehensive statute to the extent only of the repugnancy, if any." State ex rel. Loftin v. McMillan, 45 So. 882 (Fla. 1908); Stewart v. DeLand-Lake Helen, etc., 71 So. 42 (Fla. 1916); American Bakeries Co. v. City of Haines City, 180 So. 524 (Fla. 1938); and Adams v. Culver, 111 So.2d 665 (Fla. 1959); see also Scott v. Stone,176 So. 852, 853 (Fla. 1937), in which the two statutes there involved were construed as follows: The two titles indicate that the acts cover different fields, and therefore, the latter does not repeal the former or supersede its provisions, unless the provisions of the latter act are repugnant to the provisions of the earlier act. . . . and In re Wade, 7 So.2d 797 (Fla. 1942), stating the rule that the implied repeal of a prior act, narrow in scope, by a subsequent more general act is not favored in the law and requires a positive repugnancy between the two. Applying these rules to Chs. 75-56 and 75-189, Laws of Florida, the former act, as stated supra, operates specifically on state agencies and officers, counties, and municipalities, providing in pertinent part that county and municipal governing bodies may adopt a maximum $5 fee for the collection of worthless checks. In contrast, Ch. 75-189 operates on the public generally, providing a method for establishing prima facie evidence of intent to issue a worthless check in any criminal prosecution under Ch. 832, F. S. Thus, construing the two acts as relating to the same general subject matter, i.e., worthless checks, Ch. 75-56, being narrower in operation, should control over Ch. 75-189 to the extent of any repugnancy between the two. Moreover, even if the acts are construed as covering wholly different fields, the result should be the same since I do not, in fact, perceive any such positive repugnancy. In this regard, Ch. 75-189 is totally silent as to the authority of any public officer (or any private individual, for that matter) to charge a fee for collecting a dishonored check, but provides merely that a dishonored check will constitute prima facie evidence of a defendant's guilty knowledge unless the defendant has paid the fee mentioned in Ch. 75-189 under the circumstances prescribed therein. See, e.g., s. 832.07(2)(d), F. S., requiring the party who accepted the check to have witnessed the signature or endorsement of the party presenting the check and to have initialed the check to authenticate such witnessing. In contrast, that part of Ch. 75-56 which is now s. 166.251, F. S., authorizes municipalities to charge the service fee therein specified for a dishonored check in all events and regardless of guilty intent or knowledge and in addition to any other penalty that may be imposed by law. See also s. 215.34(2), F. S. (also derived from Ch. 75-56), which requires state officers and agencies to charge the same service fee in the same circumstances and on the same conditions as those prescribed in s. 166.251. In sum, therefore, Ch. 75-189, Laws of Florida, does not operate to amend or supersede Ch. 75-56, Laws of Florida, in any way. The method provided in Ch. 75-189 for establishing in court prima facie evidence of a defendant's guilty knowledge in a prosecution for making or delivering a worthless check may be utilized where the holder of the worthless check is a municipality or municipal official or agency and where the conditions prescribed in Ch. 75-189 have been met. However, because Ch. 75-56 limits to $5 the amount of the service fee which a municipality may charge for collecting a worthless check, the service fee mentioned in Ch. 75-189, when that act is applied to a worthless check held by a municipality to establish prima facie evidence of intent to defraud or knowledge of insufficient funds, may not exceed $5. The notice to the maker of the check as set out in Ch. 75-189 should reflect this limitation, i.e., require payment of the amount of the dishonored check plus a service charge of not more than $5, or in such lesser amount as may have been prescribed by ordinance adopted by the governing body of the municipality.