QUESTION: When should the books of the sheriff be closed, and when should he make his annual report, remit the unexpended budget balance, and remit collections as to the last month of the fiscal year?
SUMMARY: Although it is unclear that there exists at law a conflict between s. 30.50(5), F. S. — permitting the sheriff to hold his books open for 30 days after the end of the fiscal year for the purpose described therein — and s. 218.36, F. S. — establishing financial reporting requirements for the class of county officers defined therein — to the extent that such a conflict does exist, s. 30.50, being narrower in scope, should control. However, for the sake of full financial accountability and facilitation of the performance of the county's financial responsibilities, the sheriff should close his books, file an annual report with the county, and remit in the prescribed manner all unexpended budget balances and all fees and commissions collected by him in the last month of the fiscal year as soon after the end of the fiscal year as possible. You refer to several provisions of the Florida Statutes, including ss. 30.50(5) and218.36, which you suggest are in conflict. Section 30.50(5), F. S., originally enacted by Ch. 57-368, Laws of Florida, relates to the budget accounts and records of the sheriff and provides as follows: All expenses incurred in the fiscal year for which the budget is made shall be vouchered and charged to the budget for that year, and to carry out this purpose the books may be held open for 30 days after the end of the year. (Emphasis supplied.) See also s. 30.50(6), F. S., requiring all unexpended balances at the end of each fiscal year to be refunded to the board of county commissioners and deposited to the county fund or funds from which payment was originally made. Section 218.36, F. S., of the Uniform Local Government Financial Management and Reporting Act (Ch. 73-349, Laws of Florida) provides in part as follows: (1) Each county officer who receives any expenses or compensation in fees, commissions, or other remuneration, shall keep a complete record of all fees, commissions, or other remuneration collected by him and shall make an annual report to the board of county commissioners within 15 days of the close of his fiscal year. Such report shall specify in detail the purposes, character, and amount of all official expenses and the amount of net income or unexpended budget balance as of the close of the fiscal year. All officers shall prepare such reports and subscribe under oath as to their accuracy and propriety.
(2) On or before the date for filing the annual report, each county officer shall pay into the county general fund all money in excess of the sum to which he is entitled under the provisions of chapter 145. . . . * * * * * (4) Compliance by a county officer with the provisions of this section shall exempt said officer from making any report required pursuant to s. 116.03. (Emphasis supplied.) See also s. 116.03, F. S., requiring state and county officers who receive all or any part of their compensation in fees or other remuneration to keep a record of such receipts and make an annual report to the Department of Banking and Finance. Initially, it is not at all clear to me that s. 30.50(5), F. S., and s. 218.36, F. S., are in conflict. Section 218.36 expressly applies only to those county officers who receive "any expenses or compensation in fees, commissions, or other remuneration." In contrast, the sheriff is a county "budget officer" whose budget is included in, and made a part of, the county's annual budget. See s. 30.49, F. S. As such, the sheriff receives from the county monthly one-twelfth of his total annual budget amount, s.30.50(1), F. S., derived in substantial part from the county fine and forfeiture fund, s. 129.02(3), F. S., and pays monthly to the county fine and forfeiture fund all fees collected by him for docketing and service of process in civil cases, s. 30.231, F. S. (as amended by Ch. 72-92, Laws of Florida). See also s. 30.51(5), F. S., requiring that all fees, commissions or other funds collected by the sheriff be remitted monthly to the county. Thus, the sheriff apparently does not receive "any expenses or compensation in fees, commissions, or other remuneration," and, for that reason, does not clearly fall within the class of county officers defined in s. 218.36. (Likewise, with respect to ss.116.01 and 219.07, F. S., amended by Ch. 76-224, Laws of Florida, to which you also refer, the sheriff, strictly speaking, does not collect funds due the state or county or county public money, cf. s. 219.01(2), F. S., but merely receives fees and commissions due him for services performed by his office. Compare s. 116.01, as amended, with s. 116.03, F. S., and s. 219.07, as amended, with s.219.06, F. S.) Accordingly, I cannot conclude that there is such a positive repugnance between s. 218.36, F. S. (or ss. 116.01 or219.07, F. S., as amended), and s. 30.50(5), F. S., that the former has impliedly repealed or amended the latter in any way. Cf. Scott v. Stone, 176 So. 852 (Fla. 1937); and In re Wade,7 So.2d 797 (Fla. 1942). In addition, it is an established rule of statutory construction that a statute covering a particular subject matter is controlling over a general statutory provision covering the same and other subjects in general terms. The statute relating to the particular part of the general subject will operate as an exception to, or qualification of, the general terms of the more comprehensive statute to the extent of any repugnancy between the two. See State ex rel. Loftin v. McMillan, 45 So. 882
(Fla. 1908); Stewart v. Deland-Lake Helen, etc., 71 So. 42 (Fla. 1916); American Bakeries Co. v. City of Haines City, 180 So. 524
(Fla. 1938); and Adams v. Culver, 111 So.2d 665 (Fla. 1959). Applying this rule here, s. 30.50, F. S., and the other provisions of Ch. 30, F. S., dealing with the financial matters of sheriffs' offices, operate specifically on sheriffs. In contrast, s. 218.36, F. S., operates generally on the class of county officers described therein. Thus, even if the two statutes are construed as both relating to the same subject matter, s. 30.50, being narrower in operation, should control over s. 218.36 to the extent of any conflict between the two. Having thus concluded that the sheriff is not expressly required to file an annual report within 15 days of the end of the fiscal year pursuant to s. 218.36, F. S., and may leave his books open for 30 days after the end of the fiscal year for the purpose described in s. 30.50(5), F. S., it would, nevertheless, be advisable in my opinion for the sheriff, and other county officers similarly situated, to continue to file such annual reports in the interest of full financial accountability. Cf. AGO 057-358, in which it was concluded that, consistent with the purpose of s. 116.03, F. S., to provide an accurate report of all fees collected by county officers, a sheriff who was affected by Ch. 57-368, Laws of Florida, must continue to file the report required thereby. Moreover, the sheriff should close his books, file his annual report, and remit in the legally prescribed manner all unexpended budget balances and all fees and commissions collected by him in the last month of the fiscal year as soon after the end of the fiscal year as possible. (As to the remittance of fees and commissions collected by the sheriff, the Auditor General apparently has the authority to prescribe the date for remittance, see s. 30.51(5), F. S.) Such cooperation with the county will undoubtedly result in a more accurate picture of county financial accounts, see s. 129.06(1)(a), F. S., and facilitate the filing of the county's financial report (which must include a report of the sheriff's financial accounts) pursuant to s. 218.32(1), F. S.