405 So.2d 173 (1981)
Eugene H. CARLSON, Appellant,
v.
STATE of Florida, Appellee.
Curtis GOLDMAN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 58632, 58679.
Supreme Court of Florida.
August 6, 1981.
Rehearing Denied November 16, 1981.
*174 Susan F. Schaeffer of Schaeffer & Bauer, St. Petersburg, for appellants.
Jim Smith, Atty. Gen., and G.P. Waldbart, Asst. Atty. Gen., Tampa, for appellee.
ENGLAND, Justice.
Once again, as so frequently occurred before the 1980 amendment to Florida's Constitution,[1] we are presented with an array of constitutional challenges to a criminal statute. In this case we have on appeal a trial court order which upholds sections 943.46-943.464, Florida Statutes (1977), of the Racketeer Influenced and Corrupt Organization (RICO) Act. The subsidiary question presented by Eugene Carlson is whether, under double jeopardy principles, his conviction for the crime of keeping a house of ill fame, in violation of section 796.01, Florida Statutes (1977), precludes his subsequent trial under Florida's RICO Act for maintaining or operating a house of prostitution in violation of section 796.07(2)(a), Florida Statutes (1977).

I
Section 943.462(3), Florida Statutes (1977), makes it unlawful to conduct or participate in any enterprise through a "pattern of racketeering activity." A "pattern" of racketeering activity is defined under the Act to include "at least two incidents of racketeering conduct that ... are interrelated ... and are not isolated... ." § 943.461(4), Fla. Stat. (1977). "Racketeering activity" is defined to include certain specified crimes under state law and under the federal RICO Act, among which are certain offenses relating to prostitution under Chapter 796. § 943.461(1)(a) 13, Fla. Stat. (1977).
Appellants allege numerous constitutional infirmities in the RICO Act, including abridgment of vagueness and overbreadth principles, violation of the bans against cruel and unusual punishment and ex post facto laws, and contravention of the one subject requirement of article III, section 6 of Florida's Constitution. None of these challenges are sustainable, however.
The phrase "conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity" in section 943.462(3) is not unconstitutionally vague, in that men of ordinary intelligence can ascertain the conduct proscribed. Jordan v. State, 334 So.2d 589 (Fla. 1976); Newman v. Carson, 280 So.2d 426 (Fla. 1973). The operative terms of that provision  "enterprise," "pattern," and "racketeering activity"  are statutorily defined, and they have already been upheld in the face of vagueness challenges. State v. Whiddon, 384 So.2d 1269 (Fla. 1980); Moorehead v. State, 383 So.2d 629 (Fla. 1980). The term "participate" is not itself vague. "[W]here a statute does not specifically define words of common usage, such words are construed in their plain and ordinary sense." State v. Hagan, 387 So.2d 943, 945 (Fla. 1980).
The statute does not impose cruel and unusual punishment, see, e.g., Dorminey v. State, 314 So.2d 134 (Fla. 1975) (determination of maximum and minimum penalties for violation of laws remains a matter for the legislature), and it is not an ex post facto law, see State v. Whiddon, 384 So.2d at 1271 (RICO Act may be applied retroactively so long as one predicate offense occurred after effective date of the Act).
The title of the Act is in accord with the purposes of article III, section 6 of the constitution  to assure adequate notice of the subject matter of the legislation and to avoid unfair surprise and fraud upon the public. State v. McDonald, 357 So.2d 405, 407 (Fla. 1978).
*175 Finally, we do not address appellants' claim that the Act is overbroad because it may apply to certain misdemeanors which are unrelated to organized crime.[2] Appellants were charged with the serious offense of maintaining a house of prostitution, and they obviously lack standing to raise this argument. See Moorehead v. State, 383 So.2d at 631.

II
Carlson was convicted of maintaining a house of ill fame for the purposes of prostitution, in violation of section 796.01. Subsequently, both he and Curtis Goldman were charged under the RICO Act for conducting or participating in an enterprise through a pattern of racketeering activity, in violation of section 943.462(3). The predicate offense underlying this pattern of racketeering activity was the alleged operation of a house of prostitution in violation of section 796.07(2)(a), encompassing the same time span as that of Carlson's previous conviction. Carlson contends that the double jeopardy clause bars his prosecution under the RICO statute since that offense is based solely on the same conduct which sustained his previous conviction under section 796.01.
The double jeopardy clause of the fifth amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb," and it is applicable to the states through the due process clause of the fourteenth amendment, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the United States Supreme Court observed that the double jeopardy clause affords criminal defendants three related protections. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Id. at 717, 89 S.Ct. at 2076 (footnotes omitted). Here we are concerned with the second of these guarantees.
In Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the Supreme Court quoting from Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) set forth the test for determining whether two offenses are the "same" for purposes of barring successive prosecutions: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304, 52 S.Ct. at 182. This test was reaffirmed in Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), where the Supreme Court stated that the Blockburger test "focuses on the proof necessary to prove the statutory element on each offense, rather than on the actual evidence presented at trial. Thus... `if each statute requires proof of an additional fact which the other does not,' the offenses are not the same under the Blockburger test." Id. 447 U.S. at 416, 100 S.Ct. at 2265 (emphasis in original and citation omitted).
Section 796.01  under which Carlson was formerly convicted  provides that "[w]hoever keeps a house of ill fame, resorted to for the purpose of prostitution or lewdness, shall be guilty of a misdemeanor of the first degree... ." In Campbell v. State, 149 Fla. 701, 6 So.2d 828 (1942), we stated that there are three elements of the offense of keeping a house of ill fame: "the ill fame of the place in question, its use for prostitution or lewdness, and its maintenance by the defendant." Id. at 702, 6 So.2d at 828. Section 796.07(2)(a)  the offense underlying Carlson's RICO prosecution  provides that "it shall be unlawful in the state ... [t]o keep, set up, maintain, or operate any place, structure, building or conveyance for the purpose of lewdness, assignation, or prostitution." A plain reading of section 796.07(2)(a) *176 reveals that the state must prove two elements in order to obtain a conviction under this statute: the use of the place in question for prostitution, lewdness or assignation, and its maintenance or operation by the defendant.
Applying the Blockburger test, we see that the offense of maintaining and operating a house of prostitution, in violation of section 796.07(2)(a), requires no proof beyond that which is necessary for conviction under section 796.01.[3] For double jeopardy purposes, we conclude that the former offense, when used as the sole basis to establish a pattern of racketeering activity proscribed by section 943.462(3) of Florida's RICO Act, is by definition the "same" as the latter offense.[4] The same conduct cannot, under the guise of a RICO prosecution, be fragmented so as to create two separate offenses. See Brown v. Ohio, 432 U.S. at 169, 97 S.Ct. at 2227, a non-RICO prosecution in which the Court said:
The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units.[[5]]
We hold that Carlson's conviction under section 796.01 barred his subsequent prosecution under Florida's RICO Act for maintaining or operating a house of prostitution in violation of section 796.07(2)(a). We reverse the conviction of the RICO charge against Carlson, and we affirm the trial court's judgment as to Goldman.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] After April 1, 1980, no direct appeals from trial court orders come to this Court in matters which do not involve a bond validation or the imposition of a death sentence. See Art. V, § 3(b)(1), (2), Fla. Const.
[2] See Note, Racketeers and Non-Racketeers Alike Should Fear Florida's RICO Act, 6 Fla.St. U.L.Rev. 483 (1978).
[3] The state, citing Atkinson v. State, 156 Fla. 449, 23 So.2d 524 (1945), argues that since a violation of section 796.01 requires proof of a fact which section 796.07(2)(a) does not  the ill fame of the place in question  these statutory proscriptions are not the "same" offense for double jeopardy purposes. This argument, however, overlooks the reciprocal nature of the Blockburger test, which mandates that a violation of section 796.07(2)(a) requires proof of a fact which section 796.01 does not. This, as stated above, is clearly not the case. The former crime is, in essence, a lesser-included offense. In any event Atkinson, in which this Court merely held that section 796.07(2)(a) did not repeal by implication section 796.01, is irrelevant to the double jeopardy question presented here.
[4] Our holding here, of course, does not prohibit the use of a conviction for this or any other offense in combination with other separate offenses as a basis for a possible RICO prosecution under section 943.462.
[5] The sequence of the prosecution under section 796.01, Florida Statutes (1977), and the RICO Act is immaterial. Brown v. Ohio, 432 U.S. 161, 168, 97 S.Ct. 2221, 2226 (1977).