To: James G. Ward Chairman Committee on Corrections, Probation Parole, Florida House of Representatives
QUESTION:
Does ch. 958, F.S., take precedence over any previous criteria by the Department of Corrections for classification of youthful offenders?
SUMMARY:
Until legislatively amended or judicially determined otherwise, the eligibility requirements and criteria for classification as a youthful offender contained in s. 958.04, F.S., are for purposes of judicial disposition of criminal cases and ch. 958, F.S., does not supersede or otherwise impliedly repeal, modify or restrain the authority of the Department of Corrections under other statutes to classify prisoners committed to its care and custody.
You are seeking this opinion regarding the application and interpretation of the Youthful Offender Act in order to determine whether amendatory legislation is necessary. Information obtained from members of your staff indicates that the Committee on Corrections, Probation and Parole is concerned that the Department of Corrections is in addition to individuals who have been classified as youthful offenders pursuant to ch. 958, F.S., classifying certain other individuals as youthful offenders using criteria inconsistent with the criteria set forth in ch. 958. You wish to know whether the Department of Corrections has independent authority to classify certain prisoners as youthful offenders although not classified as such pursuant to ch. 958.
Chapter 958, F.S., the "Florida Youthful Offender Act," was enacted during the 1978 Legislative Session. See ch. 78-84, Laws of Florida. The express purpose of the act "is to improve the chances of correction and successful return to the community of youthful offenders sentenced to imprisonment by preventing their association with older and more experienced criminals during the terms of their confinement." It was the further intent of the Legislature to provide an additional sentencing alternative to be used in the discretion of the court when dealing with certain offenders. Section 958.021, F.S. To further this purpose the Legislature instituted a "community control program" defined in subsection (2) of s. 958.03, F.S., to mean "an individualized program of restriction or noninstitutional confinement for youthful offenders placed in the community in lieu of commitment to the custody of the department and for youthful offenders subsequent to release from custody of the department." The Department of Corrections is required to designate and adapt facilities and programs for youthful offenders. Section 958.11, F.S. The act further directs that insofar as practical, youthful offender facilities and programs shall be used only for youthful offenders, and such offenders shall be segregated from other offenders. Section 958.11(2), F.S. Cf. s. 945.025(1)(b) and (f), (2) and (3), F.S. The court is given the discretion to classify persons as youthful offenders based upon eligibility requirements and criteria contained in s. 958.04, F.S. If the court classifies a person as a youthful offender, in lieu of other criminal penalties authorized by law, the court shall dispose of the criminal case either by placing the youthful offender on probation in a community control program, as defined by s. 958.03(2), F.S., or by committing the youthful offender to the custody of the Department of Corrections, as specified in s. 958.05, F.S.
Reading the provisions of ch. 958, F.S., in their entirety it is my opinion that the Youthful Offender Act specifies eligibility requirements and criteria for the trial court to consider in classifying certain persons as youthful offenders only for sentencing purposes, and therefore, that act does not impliedly repeal or amend or supersede the department's authority under other statutes to classify persons committed to its care and custody for purposes of institutional facilities and programs within the correctional system. While the Legislature expressed its intent in s. 958.021, F.S., to prevent persons sentenced as youthful offenders under the act to imprisonment from association with older and more experienced criminals, and included the admonition to segregate youthful offenders from other offenders insofar as is practical, the terms of the act do not otherwise appear to circumscribe or supersede the department's general statutory authority to classify persons committed to its care and custody conferred by other laws. Cf. s. 945.025(2), F.S., requiring the Department of Corrections in establishing, operating and utilizing correctional facilities "whenever possible, to avoid the placement of nondangerous offenders who have potential for rehabilitation with repeat offenders or dangerous offenders."
The statutes relating to the authority of the Department of Corrections to classify persons for purposes of incarceration are quite comprehensive. Section 945.081, F.S., provides that the department "shall adopt regulations for the classification of all offenders according to age, sex, and such other factors as it may deem advisable. . . ." Subsection (2) of s. 945.09, F.S., in pertinent part, provides that all prisoners committed to the department's custody "shall be conveyed to such institution, facility, or program in the correctional system as the department shall direct, in accordance with its classification scheme." This statute directs the department to classify inmates into three classes based on corrigibility and hope of rehabilitation. Subsection (3) of s. 945.09 goes on to state that "[p]ursuant to such regulations as it may provide, the department is authorized to transfer prisoners from one institution to another institution in the correctional system and to classify and reclassify prisoners as circumstances may require." See also ss. 944.023,944.026, 944.033, F.S. Specifically relating to youthful offenders, not limited to persons so classified and sentenced under the Youthful Offender Act, subsection (2)(b) of s. 20.315, F.S., provides that it is the intent of the Legislature that the Department of Corrections "develop a comprehensive program for the treatment of youthful offenders committed to the department. This program shall include provisions for separate facilities and programs for the treatment of youthful offenders." Subsection (7)(b)2. of s. 20.315, F.S., establishes a Youth Offender Program Office to include the responsibility of developing "a comprehensive youthful offender program sufficient to meet the needs of youths committed to the Department of Corrections. This program shall include, but not be limited to, the custody, care, treatment, and rehabilitation of youthful offenders." And see subsection (16), s. 20.315, requiring the department to "place each offender in the program or facility most appropriate to the offender's needs, subject to budgetary limitations and the availability of space." These statutes do not limit the department's authority to classify persons as youthful offenders to only those persons sentenced as youthful offenders under the Youthful Offender Act, ch. 958, F.S. Rules of the department, while recognizing the admonition contained in s. 958.11(2), F.S., to segregate youthful offenders sentenced under s. 958.05, F.S., pertain to other persons recognized by the department as youthful offenders for housing purposes.
Subsection (3)(b) of Rule 33-6.09, F.A.C., in relevant part, provides: "Inmates who have been committed under the Youthful Offender Act shall not be committed to non-youthful offender institutions." The rule then goes on to define the circumstances under which a youthful offender may be reassigned to a non-youthful offender institution or facility. This subsection further provides that "[i]nmates twenty years of age or younger should not routinely be assigned to non-youthful offender institutions. However, in selected cases, when the facts justify such action, youthful offenders not sentenced under the Youthful Offender Act may be considered for placement at non-youthful offender institutions." This administrative rule adopted pursuant to statutory authority is presumptively valid and must be recognized as valid interpretation of the department's statutory authority, until and unless judicially determined otherwise.
While the proviso in s. 958.04(1)(c), F.S., which constitutes a limitation on the trial court's discretion to classify a person as a youthful offender, states that "no person who has been found guilty of a capital or life felony may be classified as a youthful offender under this act" (Emphasis supplied.), that language and that limitation does not extend to other laws or other agencies, but only to the trial court, and does not operate to restrain or except anything contained in any other law. As to the effect and operation of a proviso, see generally State v. State Racing Commission, 112 So.2d 825 (Fla. 1959); Farrey v. Bettendorf,96 So.2d 889 (Fla. 1957); Cragin v. Ocean Lake Realty Co.,133 So. 569 (Fla. 1931). In order for ch. 958, F.S., to take precedence over or repeal or modify any other law or any criteria, standards or procedures provided for in any other law, absent any express provision therefor or reference thereto in ch. 958, F.S., it must appear that there is a positive repugnancy or irreconcilable conflict between the two laws and that ch. 958 prescribes the only governing rule. See, e.g., Tamiami Trail Tours v. City of Tampa,31 So.2d 468 (Fla. 1947); Atkinson v. State, 23 So.2d 524
(Fla. 1945) American Bakeries Co. v. Haines City, 180 So. 524
(Fla. 1938).
In application of the foregoing discussion and case law, I am unable to conclude that ch. 958, F.S., clearly and unmistakably repeals or modifies or supersedes the above cited statutes or in terms operates to alter or restrain or preclude the Department of Corrections from exercising any power or executing any duty and responsibility conferred or imposed on the department by these statutes or any other law governing the department's operation of the correctional system. Additionally, the determination under s.945.025(2), F.S., and s. 958.11(2), F.S., concerning the separation and segregation of certain classes of inmates from others is a matter left to the Department of Corrections in the exercise of its sound discretion. This office possesses no authority to make such determinations and they are reviewable solely by the judiciary. Therefore, if the Legislature intends that the eligibility requirements and criteria for classification for youthful offenders set forth in ch. 958, F.S., to be the exclusive method and supersede any rule of the Department of Corrections, the statutes governing the department that pertain to the custody, classification programs, institutional and noninstitutional assignment, housing and rehabilitation of youthful offenders, as may be defined by the legislative enactment, should be amended to clearly manifest such legislative intent.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General