572 So.2d 1376 (1991)
Kathleen Denise WARREN, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 75791.
Supreme Court of Florida.
January 3, 1991.
Manuel A. Machin, Tampa, for petitioners.
Robert A. Butterworth, Atty. Gen. and David R. Gemmer, Asst. Atty. Gen., Tampa, for respondent.
McDONALD, Justice.
We review State v. Warren, 558 So.2d 55 (Fla. 2d DCA 1990), because it expressly found section 796.01, Florida Statutes (1987), constitutional. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. Because we find the term "ill fame" impermissibly vague, we declare the statute unconstitutional and quash the district court's opinion.
The state charged Warren with keeping "a house of ill fame resorted to [for] the purpose of prostitution or lewdness," as prohibited by section 796.01.[1] The trial court granted Warren's motion to dismiss the charges, finding the terms "prostitution," "lewdness," and "ill fame" unconstitutionally *1377 vague. The district court, after setting out the history of section 796.01 and thoroughly discussing the case law dealing with that statute,[2] found the subject language not void for vagueness and declared section 796.01 constitutional. In reaching its decision the district court expressed serious reservations about whether the term "ill fame" provides sufficient notice of prohibited conduct. Exhibiting a finely drawn deference, however, the court acceded to this Court's previous decisions, which have upheld section 796.01.
A statute which does not give people of ordinary intelligence fair notice of what constitutes forbidden conduct is vague. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); State v. Winters, 346 So.2d 991 (Fla. 1977); Franklin v. State, 257 So.2d 21 (Fla. 1971). The language of a statute must "provide a definite warning of what conduct" is required or prohibited, "measured by common understanding and practice." State v. Bussey, 463 So.2d 1141, 1144 (Fla. 1985). To this end, a statute must be written "in language which is relevant to today's society." Franklin, 257 So.2d at 23.
We agree with the district court that the words "prostitution" and "lewdness" meet the standards set out above. § 796.07(1)(a), (b), Fla. Stat. (1987); Bell v. State, 289 So.2d 388 (Fla. 1973). The district court, therefore, correctly reversed the trial court's finding those two words vague. The term "ill fame," however, is, indeed, more troublesome.
We appreciate the district court's deference to this Court's prior rulings and agree that the statute requires reconsideration. As the district court pointed out, "ill fame" is both essential to the crime proscribed by section 796.01[3] and undefined. While the general population might have understood the meaning of "ill fame" a century ago, the lack of definition in the statutes, jury instructions, and cases is fatal to its continued validity. Since the legislature first adopted the ill-fame statute, both our society and our language have changed. The statute, however, has not. As this Court recognized previously, "the law ... must be a living thing, responsive to the society which it serves." Franklin, 257 So.2d at 23. As the district court noted, the prosecutor in a case similar to the instant one experienced difficulty in defining "ill fame" sufficiently to be able to prove that element. Warren, 558 So.2d at 58 n. 4. We do not see how the average citizen could be more successful than a trained professional in defining this term.
While the term "ill fame" might have been sufficiently understandable when the legislature first adopted this statute in 1868, it is now outdated. Section 796.01 does not provide an objective standard for differentiating between permitted and prohibited conduct and fails to provide fair notice in language relevant to today's society. Therefore, we hold that section 796.01 is unconstitutionally vague. We quash the decision under review and remand with directions that the trial court's dismissal of charges be affirmed.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which KOGAN, J., concurs.
*1378 BARKETT, Justice, specially concurring.
I concur with the majority except that I would also affirm the trial court's determination that "lewdness" is likewise unconstitutionally vague.
KOGAN, J., concurs.
NOTES
[1] § 796.01, Fla. Stat. (1987), reads as follows:

Whoever keeps a house of ill fame, resorted to for the purpose of prostitution or lewdness, is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
This statute has been renumbered numerous times since its adoption, as set out in the district court opinion. State v. Warren, 558 So.2d 55, 56 (Fla. 2d DCA 1990). For simplicity we refer to the statute only as § 796.01.
[2] Our research has added nothing to the district court's discussion of the statute's history and the case law.
[3] "Ill fame" is the element that distinguishes the felony prohibited by § 796.01, Fla. Stat. (1987), from the misdemeanor prohibited by § 796.07(2)(a), Fla. Stat. (1987). Carlson v. State, 405 So.2d 173 (Fla. 1981); Warren.