576 So.2d 915 (1991)
James Jerome WOLFE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01962.
District Court of Appeal of Florida, Second District.
March 27, 1991.
*916 James Marion Moorman, Public Defender, Bartow, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
James Wolfe appeals his convictions for racketeering, conspiracy to commit racketeering, living from earnings of prostitution, and keeping a house of ill fame. We reverse only the conviction on the last charge.
Having reviewed all issues which Wolfe has raised in this appeal, the only issue of merit concerns the conviction for keeping a house of ill fame. In Warren v. State, 572 So.2d 1376 (Fla. 1991) our supreme court overturned the "ill fame" statute as unconstitutionally vague. This opinion reversed earlier supreme court and district court of appeal decisions interpreting that same statute as constitutional. The trial judge, in affirming the conviction, obviously relied upon those earlier cases as the Warren opinion had not yet been filed.
We reverse the conviction and sentence for keeping a house of ill fame and direct the trial court to dismiss that charge. We determine, however, that the evidence does establish that Wolfe is guilty of the offense of keeping a house of prostitution under section 796.07(2)(a), Florida Statutes (1987),[1] which we conclude is a necessarily lesser included offense of maintaining a house of ill fame.[2] As we are authorized to do under section 924.34, Florida Statutes (1987), we direct the trial court to enter judgment for the lesser included offense and to resentence defendant for that lesser offense. Although we do not perceive any change will result in the presumptive guidelines range, a new scoresheet should be prepared scoring the lesser crime to conform with the decision we reach in this case.
Reversed and remanded with directions to the trial court.
SCHEB, A.C.J., and THREADGILL, J., concur.
NOTES
[1] That section in relevant part provides:

(2) It is unlawful in the state:
(a) To keep, set up, maintain, or operate any place, structure, building, or conveyance for the purposes of lewdness, assignation, or prostitution.
[2] The ill fame statute provides that "[w]hoever keeps a house of ill fame, resorted to for the purpose of prostitution or lewdness, is guilty of a felony of the third degree... ." § 796.01, Fla. Stat. (1987).