578 So.2d 480 (1991)
Herman Lamar GOLDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01961.
District Court of Appeal of Florida, Second District.
April 24, 1991.
James Marion Moorman, Public Defender, and Jennifer Y. Fogle, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
Herman Lamar Golden contends the trial court erred in denying his motions for judgment of acquittal and a new trial on charges of racketeering, conspiracy to commit racketeering, living from earnings of prostitution, and keeping a house of ill fame.[1] He contends the evidence was insufficient to support his convictions. We find no merit in his contentions and sustain his convictions on racketeering, conspiracy, and living off earnings. We reverse, however, Golden's conviction for keeping a house of ill fame.
As we stated in Wolfe v. State, 576 So.2d 915 (Fla. 2d DCA 1991), our supreme court overturned the ill fame statute as unconstitutionally vague. See Warren v. State, 572 So.2d 1376 (Fla. 1991). Warren v. State reversed earlier supreme court and district court of appeal decisions interpreting the ill fame statute as constitutional. Since the Warren opinion had not yet been filed at the time of Golden's conviction, the trial court did not have the benefit of that decision.
Though Golden's conviction and sentence for keeping a house of ill fame must be reversed, we find the evidence adduced at trial was sufficient to establish Golden's guilt for the lesser included offense of keeping a house of prostitution under section 796.07(2)(a), Florida Statutes (1987). See Wolfe v. State. As we are authorized to do under section 924.34, Florida Statutes (1987), we direct the trial court to enter judgment for the lesser included offense and to resentence Golden accordingly.
Because we are setting aside one conviction while allowing the others to stand, the presumptive sentence under the guidelines could change. Therefore, a new scoresheet must be prepared for all of Golden's convictions. If the scoresheet reflects a change in the presumptive sentence, Golden must be resentenced on all convictions.
*481 Accordingly, this case is reversed and remanded with directions consistent with this opinion.
SCHEB, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Herman Lamar Golden, James Jerome Wolfe, and Victoria Long were codefendants in the proceeding below. Wolfe's and Long's appeals were considered separately in case nos. 88-01962, 576 So.2d 915, and 88-02328, 578 So.2d 288, respectively.