HALL, Judge.
Victoria Long contends the trial court erred in denying her motions for judgment of acquittal and a new trial on charges of racketeering, conspiracy to commit racketeering, living from earnings of prostitution, and keeping a house of ill fame. She contends the evidence was insufficient to support her convictions.[1] We find no merit in her contentions and sustain her convictions on racketeering, conspiracy, and living off earnings. We reverse, however, Long’s conviction for keeping a house of ill fame.
As we stated in Wolfe v. State, 576 So.2d 915 (Fla.2d DCA, 1991), our supreme court overturned the ill fame statute as unconstitutionally vague. See Warren v. State, 572 So.2d 1376 (Fla.1991). Warren v. State reversed earlier supreme court and district court of appeal decisions interpreting the ill fame statute as constitutional. Since the Warren opinion had not yet been filed at the time of Long’s conviction, the trial court did not have the benefit of that decision.
Though Long’s conviction and sentence for keeping a house of ill fame must be reversed, we find the evidence adduced at trial was sufficient to establish Long’s guilt for the lesser included offense of keeping a house of prostitution under section 796.07(2)(a), Florida Statutes (1987). See Wolfe v. State. As we are authorized to do under section 924.34, Florida Statutes (1987), we direct the trial court to enter judgment for the lesser included offense and to resentence Long accordingly.
Because we are setting aside one conviction while allowing the others to *289 stand, the presumptive sentence under the guidelines could change. Therefore, a new scoresheet must be prepared for all of Long’s convictions. If the scoresheet reflects a change in the presumptive sentence, Long must be resentenced on all convictions.
Accordingly, this case is reversed and remanded with directions consistent with this opinion.
SCHEB, A.C.J., and ALTENBERND, J., concur.

. Herman Lamar Golden, James Jerome Wolfe, and Victoria Long were codefendants in the proceeding below. Golden’s and Wolfe’s appeals were considered separately in case nos. 88-01961 and 88-01962, respectively.