592 So.2d 1145 (1992)
Sandra D. HOSKINS and Michael Mancuso, D/B/a Sweethearts, Appellants,
v.
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellee.
No. 91-00389.
District Court of Appeal of Florida, Second District.
January 3, 1992.
Rehearing Denied February 12, 1992.
*1146 Robert L. Doyel, Bartow, for appellants.
Nancy C. Waller, Tallahassee, for appellee.
LEHAN, Acting Chief Judge.
We affirm the final order of the Department of Business Regulation, Division of Alcoholic Beverages and Tobacco, which revoked the alcoholic beverage license of appellants on the basis of violating section 796.07(2)(a), Florida Statutes (1989), which proscribes operating a building for the purpose of lewdness.
We disagree with appellant's argument that the division director's amendment in the final order, after the hearing had already taken place, of the charges in the notice to show cause so as to charge appellant under section 796.07(2)(a), rather than under section 796.01, as originally charged, constituted reversible error. Conduct in violation of section 796.07 is a lesser-included offense of that in violation of section 796.01. See Carlson v. State, 405 So.2d 173 (Fla. 1981); Wolfe v. State, 576 So.2d 915 (Fla. 2d DCA 1991). Cf. Golden v. State, 578 So.2d 480 (Fla. 2d DCA 1991) (appellate court, pursuant to section 924.34, Florida Statutes (1987), directed trial court to enter judgment for "lesser included offense" described in section 796.07(2)(a) after Warren v. State, 572 So.2d 1376 (Fla. 1991) overturned section 796.01 as unconstitutionally vague).
We also disagree with appellant's argument that the conduct of which evidence was produced in support of the charge was not lewd. That conduct involved what is known as "lap dancing." There was evidence that during these dances, appellants' dancers would, performing to the rhythm of music, rub parts of their bodies, including genital areas, breasts and buttocks, through brief clothing against the patrons' genital areas and faces. Testimony indicated that the dances included simulated sexual activity. See G & B of Jacksonville, Inc. v. Dept. of Business Regulation, 362 So.2d 951 (Fla. 1st DCA 1978) (lewdness found from dancer having rubbed continually her buttocks and vaginal area against legs of undercover officer posing as a patron). See also Commonwealth, Pa. Liquor Control Bd. v. CIC Investors No. 870, LTD., 137 Pa. Commw. 48, 584 A.2d 1094 (Pa. Commw. Ct. 1990) (lewd conduct found from male entertainer having stripped down to G-string, sat on woman's lap, and made "explicit movements").
We find without merit appellants' additional arguments that the foregoing conduct was a protected form of free speech and that the failure of law enforcement officers to identify patrons present during the conduct constituted a denial of appellants' right to due process.
Affirmed.
THREADGILL and PARKER, JJ., concur.