277 So.2d 19 (1973)
The STATE of Florida, Petitioner,
v.
Donald Joseph LIPTAK and Cesar Augusto Cepeda, Respondents.
No. 42055.
Supreme Court of Florida.
April 4, 1973.
Rehearing Denied May 25, 1973.
*20 Robert L. Shevin, Atty. Gen., William L. Rogers, and J. Robert Olian, Asst. Attys. Gen., for petitioner.
Phillip A. Hubbart, Public Defender, and Bennett H. Brummer, Asst. Public Defender, for respondents.
McCAIN, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 256 So.2d 548. The decision sought to be reviewed creates conflict with prior decisions on two distinct points, giving this Court jurisdiction under § 4, Article V of the Florida Constitution, F.S.A.
Respondents, defendants below, Donald Joseph Liptak and Cesar Augusto Cepeda, were charged in one count of an information with sale of an hallucinogenic drug (LSD) and in a second count with possession of the same drug. On trial before the Court without a jury they were found guilty on the first count. The possession charge, count two, was dismissed as to Liptak and adjudication of guilt was withheld as to Cepeda.
At the trial defendant Cepeda raised entrapment as a defense, but defendant Liptak did not. Cepeda moved for a judgment of acquittal based on entrapment and filed an assignment of error on the issue of entrapment. Liptak presented two motions for judgment of acquittal, a motion to suppress evidence and a motion for new trial, as well as assignments of error and supplementary assignments of error, but without mention of the defense of entrapment.
The District Court reversed the judgments of conviction and remanded with directions to discharge the defendants. The opinion of the District Court is, in pertinent part, as follows:[1]
"At the trial the defendants[2] relied on the defense of entrapment. The defense was established by evidence that was not contradicted. In short summary, the evidence disclosed that a young girl, acting with a police officer, was dispatched by the latter to make a purchase of the drug from one of the defendants. The defendant first approached called upon the other who supplied the drug for the sale made to the girl, for which the defendants were then arrested. The girl did not testify at trial. The defendants *21 testified, without contradiction, that in soliciting the purchase the girl offered, in addition to the price, a personal consideration; that they had not been inclined to make a sale to her, but were influenced to do so by the added consideration she offered. The officer involved was without knowledge as to what transpired between the girl and the defendants in making the purchase, and he was unable to testify with respect to the same."
The decision of the District Court creates conflict on two distinct points. First, the District Court's consideration of the defense of entrapment on appeal as to defendant Liptak, despite the fact that entrapment was not raised by Liptak at the trial level or assigned as error on appeal, creates conflict with Redditt v. State;[3] Belger v. State,[4] and Haverty v. State.[5]
The second point of conflict is the holding of the District Court that the facts, as summarized supra in the District Court's opinion, were sufficient as a matter of law to establish the defense of entrapment requiring the discharge of both defendants. On this point there is conflict with State v. Rouse,[6] and Koptyra v. State.[7] In Rouse, supra, a civilian clothed deputy sheriff on assignment as an undercover agent, posed as a photographer and was invited into defendants' van where he began shooting some film. When the deputy indicated that he would like to film "somebody sitting on the canal banks smoking marijuana" defendants produced hand-rolled marijuana cigarettes and the deputy photographed them. The trial court suppressed the evidence on the ground of entrapment. The District Court reversed the order of suppression and remanded the cause, holding:[8]
"One who is instigated, induced or lured by an officer of the law, for the purpose of prosecution, into the commission of a crime, which he had otherwise no intention of committing may avail himself of the defense of entrapment. However this defense is not available if the officer acted in good faith for the purpose of detecting a crime and merely furnished an opportunity for the commission thereof by one who had the requisite criminal intent.
* * * * * *
"The law is settled that entrapment is a question for the jury unless the evidence is so clear and convincing that it can be passed on by the trial judge as a matter of law."
In the instant case, defendants were known drug offenders. Both defendants had previously been charged with possession of illegal drugs and it had already been determined that they would enter pleas of guilty to such possession. The District Court in its statement of facts indicates that, though able to make the sale when first approached, defendants "had not been inclined to make the sale" but were influenced to do so by the added consideration. Liptak testified that the reason for his initial reluctance to become involved *22 in the drug sale was the drug charge already outstanding against the defendants.
Shortly after the defendants agreed to sell 100 cubes of LSD to the disguised police officer, the defendants produced the illegal drug. Both defendants assured the disguised officer that they were ready, willing and able to supply whatever large quantities of unlawful drugs he might desire to purchase on a regular basis.
Comparing the facts in the instant case with those in the Rouse case, supra, the best that can be said for the defense of entrapment in both cases is that the facts presented a question for the jury or judge sitting as the finder of fact. The facts in the instant case, either as summarized in the opinion of the District Court, or as revealed by the record in the case, do not establish the defense of entrapment as a matter of law.
In Koptyra v. State, supra, a drug possession case, the District Court of Appeal, Second District, found the evidence insufficient to raise the issue of entrapment. The elements of entrapment and burden of adducing evidence on those elements, are explained by the Court in Koptyra as follows:[9]
"One who is instigated, induced or lured by an officer of the law into the commission of a crime which he had otherwise no intention of committing may avail himself of the defense of entrapment. Such defense is not available, however, where the officer or other person acted in good faith for the purpose of discovering or detecting a crime and merely furnished the opportunity for the commission thereof by one who had the requisite criminal intent.
* * * * * *
"While the state always has the burden of proving the guilt of accused beyond a reasonable doubt and the accused never has the burden of proving his innocence, nevertheless, the burden of adducing evidence on the defense of entrapment is on the accused unless the facts relied on otherwise appear in evidence to such an extent as to raise in the minds of the jury a reasonable doubt of guilt."
As stated in the Koptyra case, an essential element of the offense of entrapment is inducement by police leading to the commission of the crime by one who otherwise had no intention of committing the crime. Inducement or instigation is to be distinguished from the mere affording of an opportunity to commit a crime. The facts as stated by the District Court in its opinion are at least as consistent with a finding that opportunity to make the sale was afforded with additional consideration being offered when the seller balked at the sale price first offered. Indeed, the holding of the District Court fails to mention the essential element of inducement or instigation in its opinion and the fact statement gives no indication that the idea of selling drugs first arose as a result of the request to purchase in the instant case.
The decision of the District Court, in considering a defense not raised below as to Liptak and in holding that defense established on stated facts, as a matter of law, has created conflict with the prior authorities indicated. The trial court on the evidence presented was entitled to find as it did.
Accordingly, certiorari is granted, the decision of the District Court is quashed and the cause remanded with directions to reinstate the judgment of the trial court.
It is so ordered.
ROBERTS, BOYD, DEKLE, and DREW (Retired), JJ., concur.
ERVIN, J., dissents with Opinion.
CARLTON, C.J., dissents and agrees with ERVIN, J.
*23 ERVIN, Justice (dissenting):
The defendants were tried together. According to the Third District Court's opinion, both defendants testified without contradiction as to the inducement or offer of an "added personal consideration" by the girl working with police to get the defendants to make the sale of the prohibited drug. They also testified they were not inclined to make the sale to her, except for the "added personal consideration." The District Court considered this to be an entrapment offer as a matter of law and not the "mere affording of an opportunity to commit a crime."
The majority first technically faults Liptak because he did not formally raise the defense of entrapment although his joint defendant in the alleged offense, Cepeda, did. Actually, the majority decision on this point seems academic in the case because Cepeda, although he formally raised entrapment as a defense, also loses. The majority holds that because the trial court believed from the evidence that the police officer making the arrest acted in good faith in using the girl with her offer to detect the defendants, citing Koptyra v. State, DCA 2d, 172 So.2d 628, the District Court erred in finding from the evidence there was entrapment as a matter of law.
It appears to me the Third District Court acted within its authority to reverse on the ground it found evidence of entrapment as a fundamental matter of law. It found from uncontradicted evidence that the girl working with the police induced the sale by offering an "added personal consideration." She offered the defendants something more than just an opportunity to sell the drug.
The majority, as can be seen by comparing its opinion with the opinion of the Third District Court, went into the transcript of evidence for additional facts in a conflict case without any predicate therefor in the Third District Court opinion. Furthermore, there is nothing in the record proper to indicate conflict.
Some how the majority rationalizes away the inducement offer by attempting to equate it with "the mere affording of an opportunity to commit a crime." Its language in this regard in a conflict case seems strangely irrelevant and confusing. It reads in part:
......
"Inducement or instigation is to be distinguished from the mere affording of an opportunity to commit a crime. The facts stated by the District Court in its opinion are at least as consistent with a finding that opportunity to make the sale was afforded with additional consideration being offered when the seller balked at the sale price first offered. Indeed, the holding of the District Court fails to mention the essential element of inducement or instigation in its opinion and the fact statement gives no indication that the idea of selling drugs first arose as a result of the request to purchase in the instant case."
This majority conclusion appears to have little relation to the language of the District Court which indicated quite simply the girl's offer of "the added consideration" was the real inducement for the sale, not just an opportunity therefor. See also Spencer v. State, 263 So.2d 282 (1st DCA Fla. 1972).
CARLTON, C.J., concurs.
NOTES
[1] Liptak v. State, 256 So.2d 548, 549 (Fla. App.3rd 1972).
[2] It appears without contradiction that only defendant Cepeda relied on entrapment.
[3] 84 So.2d 317, 320 (Fla. 1955): "Except for fundamental errors, an appellate court will not reverse except for some well founded assignment of error that has been argued in the brief, and no point made in the brief will be considered unless it is found to be within the scope of an assignment of error."
[4] 171 So.2d 574, 579 (Fla.App.1st 1965): "It is fundamental that any alleged error committed by the trial court will not be considered on appeal unless specifically set forth in the assignment of errors filed by appellant."
[5] 258 So.2d 18, 20 (Fla.App.2d 1972): "The law is well settled that such questions can only be heard and considered by the appellate Court if properly reserved in the lower Court and assigned as error upon appeal."
[6] 239 So.2d 79 (Fla.App.4th 1970).
[7] 172 So.2d 628 (Fla.App.2d 1965).
[8] 239 So.2d 79, 80 (Fla.App.4th 1970).
[9] 172 So.2d 628, 632 (Fla.App.2d 1965).