459 So.2d 368 (1984)
Jesse CARROLL, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1045.
District Court of Appeal of Florida, Fifth District.
November 1, 1984.
Rehearing Denied November 27, 1984.
James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Jesse Carroll was charged by indictment with seven counts, Count I, violation of Florida's Racketeer Influence and Corrupt Organization Act (RICO), Counts II, III, VI, and VII with sale and delivery of heroin on four different dates, Count V with sale and delivery of cocaine, and Count IV with trafficking in heroin. He was previously charged by information with two counts of sale and delivery of heroin and cocaine. The cases were consolidated for trial. Carroll was found guilty of counts I, IV, V and VI of the indictment and of both counts in the information.
On appeal, Carroll contends that his double jeopardy rights were violated when he was adjudicated and sentenced on Count I (the RICO violation) as well as the predicate crimes charged in the other counts. Carroll argues that the offenses which formed the basis for the RICO charge are in essence necessarily lesser included offenses of that charge and that therefore he cannot be convicted and sentenced for both. We disagree and affirm.
*369 Carroll was charged with violating Florida's RICO Act, section 895.03(3), Florida Statutes (1983), which provides that, "It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt." Section 895.02(4) states:
"Pattern of racketeering activity" means engaging in at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such incidents occurred after the effective date of this act and that the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.
Carroll does not contend that the predicate crimes are inappropriate for a RICO charge, only that he cannot be convicted and sentenced for both. He contends that Carlson v. State, 405 So.2d 173 (Fla. 1981), is controlling. In that case, Carlson was convicted of maintaining a house of prostitution, in violation of section 796.01, Florida Statutes. Subsequently, he was charged under the RICO Act [then sections 943.46-943.464, Florida Statutes (1977)] for conducting or participating in an enterprise through a pattern of racketeering activity, in violation of section 943.462(3), Florida Statutes. The predicate offense underlying this pattern of racketeering activity was the alleged operation of a house of prostitution in violation of section 796.07(2)(a), Florida Statutes, encompassing the same time span as that of Carlson's previous conviction. The supreme court, applying the test enunciated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) stated:
[T]he offense of maintaining and operating a house of prostitution, in violation of section 796.07(2)(a), requires no proof beyond that which is necessary for conviction under section 796.01. For double jeopardy purposes, we conclude that the former offense, when used as the sole basis to establish a pattern of racketeering activity proscribed by section 943.462(3) of Florida's RICO Act, is by definition the `same' as the latter offense. The same conduct cannot, under the guise of a RICO prosecution, be fragmented so as to create two separate offenses. (emphasis in original) (footnotes omitted)
405 So.2d at 176.
Carlson only holds that the same criminal act, although charged under separate statute, cannot serve as the basis for a RICO charge which requires a pattern of criminal activity. It is distinguishable from the instant case where the predicate offenses involve separate and distinct criminal acts.
While under a strict Blockburger analysis it might seem that the same elements necessary for conviction of the predicate offenses are also necessary for conviction under RICO, the inquiry does not end there. The Blockburger test is a rule of statutory construction, and because it serves as a means of discerning legislative purpose, the rule should not be controlling where there is a clear indication of contrary legislative intent. Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); State v. Gibson, 452 So.2d 553 (Fla. 1984). In other words, even if the crimes are the same under Blockburger, if it is evident that the legislature intended to authorize cumulative punishments, judicial inquiry is at an end. Ohio v. Johnson, ___ U.S. ___, ___, 104 S.Ct. 2536, 2541, n. 8, 81 L.Ed.2d 425 (1984). See also Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983).
Such a clear indication of legislative intent exists in the statutory framework of RICO. In adopting RICO in 1977, the legislature stated its intent to "resist and eliminate" infiltration of organized crime into this state and determined "it is necessary to provide new criminal ... remedies" to assist in the battle. See Chapter 77-334, Laws of Florida. By establishing the *370 RICO Act, the legislature clearly intended that those persons who engage in a pattern of criminal activity be punished more severely than those convicted only of one of the predicate offenses. We note that the Eleventh Circuit Court of Appeals, in United States v. Hartley, 678 F.2d 961 (11th Cir.1982), cert. denied, 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983), has come to the same conclusion in considering the federal RICO Act.
In conclusion, we hold that the trial court did not err in adjudicating and sentencing Carroll for RICO and the underlying predicate offenses. Having considered the other points raised and finding no reversible error, the convictions and sentences are AFFIRMED.
COBB, C.J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge.
I respectfully dissent from the majority's conclusion that double jeopardy does not bar the prosecution in sentencing for both a RICO violation and the underlying predicate offenses. I believe that the double jeopardy clause in both the State[1] and United States Constitutions[2] bar Carroll's conviction.
Section 895.03(3), Florida Statutes (1983) states that: "It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity...." A person engages in "racketeering activity" who "means to commit, to attempt to commit, or to solicit, coerce, or intimidate another to commit" one of any of twenty-six crimes, or any "conduct defined as racketeering activity under 18 U.S.C. § 1961 (1)(a), (b), (c), and (d)." § 895.02, Fla. Stat. (1983). A "pattern" is established when a person engages
[I]n at least two incidents of racketeering conduct that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such incidents occurred after the effective date of this act and that the last of such incidents occurred within 5 years after a prior incident of racketeering conduct.
§ 895.02(4), Fla. Stat. (1983). Although there is but one offense, there are alternative elements which would serve to define it.
Thus, the RICO charge and the crimes charged in the instant case of sale and delivery of controlled substances and trafficking, may or may not contain common elements depending upon how the state chooses to define the RICO violation in its pleadings. I have previously maintained this position as to the operation of the double jeopardy clause:
Double jeopardy analysis requires a further consideration of whether the essential building blocks of proof of the elements for each offense are essentially the same in any particular case.
Baker v. State, 425 So.2d 36, 40 (Fla. 5th DCA 1983) (Sharp, W., J., concurring), reversed, 456 So.2d 419 (Fla. 1984).
This statement is not necessarily in conflict with the well-accepted rule that the statutory elements of each offense are analyzed in order to determine whether the offenses are the same for purposes of double jeopardy. State v. Baker at 456 So.2d 419. However, in the case of a RICO prosecution, the state has numerous building blocks or elements from which to obtain a conviction. Therefore, in order to properly analyze a double jeopardy problem under a statute such as RICO, it is necessary that the pleadings be consulted as they reveal the building blocks that the state must use in order to obtain a conviction. In other words, the state's pleadings in effect, define the offense.
This approach is taken implicitly by the courts considering the analogous double jeopardy problem of an information or indictment charging felony murder and the *371 underlying felony. State v. Hegstrom, 401 So.2d 1343 (Fla. 1981); Gonzalez v. State, 449 So.2d 882 (Fla. 3rd DCA 1984); Snowden v. State, 449 So.2d 332 (Fla. 5th DCA 1984), review granted, Case No. 65,179 (Fla. Aug. 24, 1984); Wicker v. State, 445 So.2d 583 (Fla. 2d DCA 1983).[3] This is also the approach employed by the Florida Supreme Court in their treatment of this exact issue under the former RICO act. Carlson v. State, 405 So.2d 173 (Fla. 1981).
Once the pleadings in the instant case are consulted, it becomes obvious that the offenses which serve as the predicate for the RICO charge are entirely the same as the substantive offenses alleged in the information. It is apparent that Carroll's double jeopardy rights are violated as neither the RICO offense nor any predicate offenses requires proof of an element that the other does not. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
The majority tacitly admits the correctness of this conclusion in its opinion. However, unlike the majority, I am not willing to accord preeminence to legislative intent over appellant's constitutional rights. Accordingly, I dissent.
NOTES
[1] Art. I, § 9, Fla. Const.
[2] U.S. CONST., amend. V.
[3] See also Judge Cowart's dissent in Baker v. State, 425 So.2d 36, 46 (Fla. 5th DCA 1983), where he states that the felony murder situation is an "inherent limitation" on the statutory element test. Id. at 60 (Cowart, J., dissenting).