468 So.2d 971 (1985)
James Ray ROTENBERRY, Petitioner,
v.
STATE of Florida, Respondent.
STATE of Florida, Petitioner,
v.
James Ray ROTENBERRY, Respondent.
Nos. 63719, 63720.
Supreme Court of Florida.
April 25, 1985.
*972 Paula S. Saunders, Asst. Public Defender, Tallahassee, for petitioner, respondent.
Jim Smith, Atty. Gen. and Richard A. Patterson, Asst. Atty., Tallahassee, for respondent, petitioner.
EHRLICH, Justice.
This case is before us on a question certified by the First District Court of Appeal to be of great public importance. Rotenberry v. State, 429 So.2d 378 (Fla. 1st DCA 1983). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
Petitioner, James Ray Rotenberry, was charged in a three count information with trafficking in cocaine, sale of cocaine, and possession of cocaine. At trial, petitioner relied on the defense of entrapment as to all the counts alleged against him.
In August 1981, Officer Snow of the Pensacola Police Department met with Van Price in a scheme to purchase marijuana from Marvin Hurst. Price had been arrested that day for grand theft. Price contacted Hurst several times over a four-day period to arrange the drug deal. Hurst, in turn, contacted Rotenberry about obtaining the drugs for Price. When first approached about the sale of drugs, Rotenberry said that he had none to sell. Rotenberry later agreed to supply Hurst with cocaine. Price testified that he had never purchased drugs from Rotenberry and would not have purchased the cocaine from Hurst but for the police asking him to do it. Hurst testified that he contacted Rotenberry about acquiring the drugs because Price was pressuring him and Rotenberry was the only person Hurst could trust.
The transaction took place in a parking lot. Rotenberry sat in his truck while Hurst made contact with Price and Snow. Following the delivery of the cocaine and transfer of money, Rotenberry was arrested.
During the charge conference, the petitioner requested a special instruction on the defense of entrapment. He requested that the court give Florida Standard Jury Instruction (Criminal) 3.04(c)[1] but delete the last sentence 
If you find from the evidence that the defendant was entrapped, or if the evidence raises a reasonable doubt about the defendant's guilt, you should find him not guilty.
 and substitute the following instruction from the former standard jury instruction, 2.11(e)[2] 

*973 The state must prove beyond a reasonable doubt that the defendant was not the victim of entrapment by law enforcement officers, and unless it has done so you should find the defendant not guilty.
The court refused to give the requested instruction and instead gave the standard jury instruction on entrapment.
The jury found the petitioner guilty as charged on all three counts. He was sentenced to serve five years on each of the counts, to run concurrently, and to pay a fine of $50,000. The trial court denied petitioner's motion to vacate the sentence or set aside the adjudication of guilt on the sale and possession charges on the ground that section 775.021(4), Florida Statutes (1981), precludes multiple sentencing on lesser included offenses committed during the same criminal episode.
The district court affirmed the trial court's actions regarding the entrapment defense, but reversed the sentences for possession and sale of cocaine, holding they were lesser included offenses of the charge of trafficking in cocaine. We do not disturb the district court's holding that there was sufficient evidence to support the convictions on the basis of a showing that Rotenberry was predisposed to commit the crimes charged. However, we do address the petitioner's challenge to the jury instruction and the state's cross appeal challenging the reversal of the sentencing on the lesser included offense convictions.
The district court examined Rotenberry's challenge to the sufficiency of the evidence regarding predisposition in the context of its previous decision in Wheeler v. State, 425 So.2d 109 (Fla. 1st DCA 1982). In Wheeler, the district court held that the state bears the burden of proving a defendant was predisposed to commit a crime where the defendant has adduced some evidence of entrapment. The Wheeler court certified to this Court the question of where the burden of proof lies in an entrapment defense, and the Rotenberry court endorsed the certification. We have answered that question in State v. Wheeler, 468 So.2d 978 (Fla. 1985). However, the Rotenberry court went on to certify another question to this court, which extends the issue raised in Wheeler to its logical conclusion:
IF THE STATE HAS THE BURDEN TO PROVE BEYOND A REASONABLE DOUBT THAT A DEFENDANT WAS NOT ENTRAPPED WHEN THAT DEFENSE HAS BEEN RAISED, IS THE GIVING OF THE PRESENT ENTRAPMENT INSTRUCTION AS SET FORTH IN STANDARD JURY INSTRUCTION 3.04(c) ALONG WITH THE GENERAL REASONABLE DOUBT INSTRUCTION SUFFICIENT, NOTWITHSTANDING THE DEFENDANT HAVING SPECIFICALLY REQUESTED THE COURT TO INSTRUCT THE JURY THAT THE STATE MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT WAS NOT THE VICTIM OF ENTRAPMENT BY LAW ENFORCEMENT OFFICERS?
429 So.2d at 380. We hold that instruction 3.04(c) is adequate in combination with the general reasonable doubt instruction.[3]
*974 Initially, we note that the final sentence of instruction 3.04(c) reflects this Court's holding in State v. Liptak, 277 So.2d 19, 22 (Fla. 1973):
While the state always has the burden of proving the guilt of [the] accused beyond a reasonable doubt and the accused never has the burden of proving his innocence, nevertheless, the burden of adducing evidence on the defense of entrapment is on the accused unless the facts relied on otherwise appear in evidence to such an extent as to raise in the minds of the jury a reasonable doubt of guilt.
(quoting Koptyra v. State, 172 So.2d 628, 632 (Fla. 2d DCA 1965)). In Wheeler, we find this language to be reconcilable with instruction 2.11(e) because the Liptak statement merely stops short of explaining that the state still has the burden to disprove entrapment once the accused has adduced sufficient evidence. Just as the Liptak statement is accurate, so too the current instruction on entrapment, 3.04(c), is accurate when read in the context of the entire set of instructions to the jury, which includes the general instruction on reasonable doubt.
Instruction 3.04(c) is adequate because it contains the essential element the state is required to prove, predisposition: "The defense of entrapment has been raised. This means that (defendant) claims he had no prior intention to commit the offense... . (Defendant) was entrapped if: 1. he had no prior intention to commit (crime charged)... ." (Emphasis added.) The jury thus is instructed that the predisposition of the defendant is an essential element in determining guilt. The reasonable doubt instruction, 2.03, states, in relevant part: "The presumption [of innocence] stays with the defendant as to each material allegation in the (information) (indictment) through each stage of the trial until it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt... . The defendant is not required to prove anything." (Emphasis added.) If the defendant is required to prove nothing, then the predisposition element of the entrapment instruction clearly must be proved by the state, not the defendant.
We agree that the language requested by Rotenberry during the charge conference, taken from the old entrapment instruction, more clearly sets out the state's burden of proof on entrapment. However, as we explain in Wheeler, the reason for deleting this language was to deemphasize the state's burden of proof. There is neither the need to give added emphasis to the state's burden of proof, Sylvester v. State, 46 Fla. 166, 35 So. 142 (1903), nor the necessity to include a statement of the state's burden of proof in the entrapment instruction when the jury is also instructed, as it always is in a criminal case, as to the state's general burden to prove guilt beyond a reasonable doubt. "[A] single instruction is not required to contain all the law relating to the subject treated, and, in determining what challenged instructions are proper or improper, the entire instructions as given must be considered as an *975 entirety and should not be considered in isolated portions." Peele v. State, 155 Fla. 235, 239, 20 So.2d 120, 122 (1944). A delicate balance has been struck between informing the jury on the law of entrapment and avoiding undue emphasis on the state's burden of proof.
Turning now to the convictions and sentences for sale and possession of cocaine, we conclude that the legislature did not intend the charge of trafficking in cocaine to encompass possession and sale as lesser included offenses. Rotenberry was charged, convicted, and sentenced for violation of three statutes, towit sections 893.13(1)(a), 893.13(1)(e), and 893.135(1)(b), Florida Statutes (1981).[4] In Bell v. State, 437 So.2d 1057 (Fla. 1983), we held that
[t]he mere existence of two statutory offenses does not establish that the legislature intended each to be independently convictable and punishable when both are committed in a single course of conduct. In the present case, the legislature has codified the distinctly different statutory offenses of sale of illegal drugs [§ 893.13(1)(a)] and possession of illegal drugs [893.13(1)(e)]. Also it has been determined that another offense, trafficking in illegal drugs, is committed when either or both of the offenses of sale or possession of a certain amount of illegal drugs is effected [§ 893.135]. By including sale and possession of drugs within the trafficking statute, it is apparent that the legislature intended to facilitate trafficking prosecutions through the use of alternative methods of proof rather than attempting to provide for multiple convictions and punishments for criminal conduct which is basically unitary.
437 So.2d at 1060.
Although we were aware of the decision in Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed. 535 (1983), when we decided Bell, the full ramifications of that decision were not realized until our decisions in State v. Gibson, 452 So.2d 553 (Fla. 1984) (on rehearing); State v. Baker, 452 So.2d 927 (Fla. 1984); and State v. Baker, 456 So.2d 419 (Fla. 1984) (expressly limiting Bell to necessarily lesser included offenses). In the first two decisions, we relied on Hunter for the proposition that the double jeopardy clause does not prohibit multiple punishments where the legislative intent is clear. Where legislative intent is not clear, multiple punishments are not permitted unless the two offenses are separate crimes under the statutory interpretation *976 test of Blockburger v. United States, 284 U.S., 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), as incorporated into Florida law.[5]
Because there is no clear indication that the legislature intended cumulative punishment here, we must determine whether the offenses are separate, i.e., does each require proof of an element the other does not. The offense of trafficking in cocaine requires proof that the offender (1) knowingly (2) sold, manufactured, delivered, brought into this state, or possessed, actually or constructively, (3) twenty-eight grams or more of cocaine. To prove violation of 893.13(1)(a) requires proof that the offender (1) sold, manufactured, delivered, or possessed with intent to sell, manufacture, or deliver (2) a controlled substance. To prove violation of 893.13(1)(e) requires proof that the offender (1) possessed, actually or constructively, (2) a controlled substance. We note parenthetically that section 893.13(1)(d) makes it an offense to bring a controlled substance into this state. Clearly, section 893.135(1)(b), defining the crime of trafficking in cocaine, provides for an elevated penalty, a mandatory minimum sentence and fine, where an offender has violated one or more of three subsections of 893.13(1) and where the drug involved was twenty-eight grams or more of cocaine.
Does proving trafficking in cocaine require proof of an element that section 893.13(1)(a), (d), or (e) does not require? Obviously, the trafficking statute requires proof of possession of twenty-eight grams or more of cocaine, something not required by the sale statute. Conversely, do the crimes of possession, sale, manufacture or delivery of a controlled substance require proof of an element not required to be proven by the trafficking statute? This is where an analytical problem arises. For example, section 893.13(1)(a) requires proof that an offender has sold, manufactured, delivered, or possessed with the intent to sell, manufacture or deliver, a controlled substance. The trafficking statute, on the other hand, does not require such proof, since the state may also prove trafficking by proving that the offender possessed or brought into the state the requisite amount of the specified drug. The problem is that, while the state is not required to prove a violation of 893.13(1)(a) in order to prove trafficking in cocaine, proof of the former is sufficient to prove the second element of the latter.
We are bound to conclude that, pursuant to the Blockburger test in section 775.021(4), trafficking and any of the three sections of 893.13 are separate offenses. Judge Cowart explained this result in his detailed analysis covering the full range of the lesser included offense problem in Baker v. State, 425 So.2d 36, 50 (Fla. 5th DCA 1982) (Cowart, J., dissenting), disapproved, 456 So.2d 419 (Fla. 1984):
[T]wo statutory offenses are not "the same offense" for double jeopardy purposes if each requires proof of an additional fact which the other does not. This means that two statutory offenses are essentially independent and distinct if each offense can possibly be committed without necessarily committing the other offense. This is just a poor way of saying that the test is an abstract test and that two statutory offenses are not "the same offense" if each statutory offense has at least one constituent element that the other does not.
(Emphasis in original.)
We have such a case before us here. Section 893.135 is sufficiently different *977 from the provisions of section 893.13 to allow multiple punishments at the same trial because the state need not prove a violation of 893.13(1)(a), (d), and (e), but only violation of at least one of those provisions. Each of the subsections thus is not in itself a necessarily included offense of trafficking, for purposes of multiple punishment in a single trial.[6] Rotenberry therefore was properly convicted and sentenced on the sale and possession charges.
Accordingly, we answer the certified question in the affirmative and approve the district court decision on the entrapment question. We quash the district court's reversal of the sentences for sale and possession, and we remand for action in harmony with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON and ALDERMAN, JJ., concur.
ADKINS, J., dissents with an opinion, in which SHAW, J., concurs.
McDONALD, J., dissents.
ADKINS, Justice, dissenting.
I dissent. I cannot agree with the majority that the current instruction on entrapment, 3.04(c), is adequate to fully explain to the jury where the burden of proof lies when entrapment is raised as a defense to a crime. In State v. Wheeler, 468 So.2d 978 (Fla. 1985), we hold that once the defendant makes out a prima facie case of entrapment, then the burden of proof shifts to the state to disprove entrapment beyond a reasonable doubt. Rotenberry requested that the former jury instruction on entrapment, 2.11(e), be given. It states: "The state must prove beyond a reasonable doubt that the defendant was not the victim of entrapment by law enforcement officers, and unless it has done so, you should find the defendant not guilty." This statement is consistent with our holding in Wheeler. This statement was deleted from the current jury instruction 3.04(c). It should not have been deleted. The majority even admits that Rotenberry's requested instruction more clearly sets out the state's burden of proof on entrapment.
The confusion that the deletion of this statement of the burden of proof has generated also illustrates the need for its inclusion in the instruction. In Wheeler v. State, 425 So.2d 109 (Fla. 1st DCA 1982), the prosecuting attorney was under the impression that the burden of proof was on the defense to disprove entrapment, as evidenced by the following colloquy:
MR. LINDSAY [defense counsel]... . The State has to prove beyond a reasonable doubt that the defendant was not entrapped. That is a heavy burden. Did the State prove that Dale was not entrapped? That was their job. Did they carry their burden?
MR. GRINSTEAD [assistant state attorney]: Your Honor, I am going to object at this time. I think that will be a misstatement of the law as the jury instructions give it.

(emphasis added). And, on appeal to this Court in Wheeler, the state argued that the new jury instructions had altered the substantive law on entrapment, putting the ultimate burden on the defense to prove entrapment.
If even the prosecutor was laboring under the misapprehension that it was the defense's burden to prove entrapment, it hardly seems sensible to believe that the jury will properly deduce where the burden of proof lies.
Finally, our approval of the new instruction does not stand in the way of the trial judge's giving of Rotenberry's requested instruction. In In the Matter of the Use by Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981), we stated:

*978 The Court hereby authorizes the publication and use of the revised instructions in criminal cases and the instructions in misdemeanor cases, but without prejudice to the rights of any litigant objecting to the use of one or more of such approved forms of instructions. The Court recognizes that the initial determination of the applicable substantive law in each individual case should be made by the trial judge. Similarly, the Court recognizes that no approval of these instructions by the Court could relieve the trial judge of his responsibility under the law to charge the jury properly and correctly in each case as it comes before him. This order is not to be construed as any intrusion on that responsibility of the trial judges.
Id. at 598.
I would answer the certified question in the negative and hold that the trial judge erred in not giving Rotenberry's requested instruction.
SHAW, J., concurs.
NOTES
[1] The full text of instruction 3.04(c) reads:

3.04(c) ENTRAPMENT
The defense of entrapment has been raised. This means that (defendant) claims he had no prior intention to commit the offense and that he committed it only because he was persuaded or caused to commit the offense by law enforcement officers.
(Defendant) was entrapped if:
1. he had no prior intention to commit (crime charged), but
2. he was persuaded, induced or lured into committing the offense and
3. the person who persuaded, induced or lured him into committing the offense was a law enforcement officer, or someone acting for the officer.
However, it is not entrapment, merely because a law enforcement officer in a good faith attempt to detect crime:
a. (provided the defendant the opportunity, means and facilities to commit the offense, which the defendant intended to commit, and would have committed otherwise.)
b. (used tricks, decoys or subterfuge to expose the defendant's criminal acts.)
c. (was present and pretending to aid or assist in the commission of the offense.)
If you find from the evidence that the defendant was entrapped, or if the evidence raises a reasonable doubt about the defendant's guilt, you should find him not guilty.
[A margin note advises that factors a, b, and c are to be given as applicable.]
[2] Fla.Std.Jur.Instr. (Crim.) 2.11(e) (Entrapment):

(e) Entrapment
One of the defenses asserted in this case is that the defendant was a victim of what is known as entrapment.
One who, for the purpose of prosecution, is persuaded, induced or lured by an officer of the law or someone acting for him, into the commission of a crime which he had otherwise no intention to commit, may avail himself of the defense of entrapment and should not be convicted. However, that defense is not available if the officer acted in good faith for the purpose of detecting crime and merely furnished an opportunity for commission thereof by one who already had the intent to commit the crime.
It is no defense to the perpetrator of a crime that facilities for its commission were purposely placed in his way, or that he was decoyed or solicited by persons seeking to expose the criminal, or that law enforcement officers pretending participation in the act were present and apparently assisting in its commission.
The state must prove beyond a reasonable doubt that the defendant was not the victim of entrapment by law enforcement officers, and unless it has done so you should find the defendant not guilty.
[3] PLEA OF NOT GUILTY; REASONABLE DOUBT; AND BURDEN OF PROOF
The defendant has entered a plea of not guilty. This means you must presume or believe the defendant is innocent. The presumption stays with the defendant as to each material allegation in the (information) (indictment) through each stage of the trial until it has been overcome by the evidence to the exclusion of and beyond a reasonable doubt.
To overcome the defendant's presumption of innocence the State has the burden of proving the following two elements:
The crime with which the defendant is charged was committed.
2. The defendant is the person who committed the crime.
The defendant is not required to prove anything.
Whenever the words "reasonable doubt" are used you must consider the following:
A reasonable doubt is not a possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to return a verdict of not guilty if you have an abiding conviction of guilt. On the other hand, if, after carefully considering, comparing and weighing all the evidence, there is not an abiding conviction of guilt, or, if, having a conviction, it is one which is not stable but one which waivers and vacillates, then the charge is not proved beyond every reasonable doubt and you must find the defendant not guilty because the doubt is reasonable.
It is to the evidence introduced upon this trial, and to it alone, that you are to look for that proof.
A reasonable doubt as to the guilt of the defendant may arise from the evidence, conflict in the evidence or the lack of evidence.
[4] Section 893.13(1)(a) provides:

Except as authorized by this chapter and chapter 499, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. [Punishment is based on the class of controlled substance; cocaine is a second degree felony.]
Section 893.13(1)(e) provides:
It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual or constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Section 893.135(1)(b) provides:
Except as authorized in this chapter or in chapter 499 and notwithstanding the provisions of s. 893.13:
(b) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.03(2)(a)4. or of any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine." If the quantity involved:
1. Is 28 grams or more, but less than 200 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 calendar years and to pay a fine of $50,000.
2. Is 200 grams or more, but less than 400 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 5 calendar years and to pay a fine of $100,000.
3. Is 400 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $250,000.
[5] (4) of section 775.021, Florida Statutes, is amended to read:
775.021 Rules of construction. 
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more separate criminal offenses statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
Ch. 83-156, § 1, Laws of Fla. (codified at § 775.021(4), Fla. Stat. (1983)). The legislature's deletions are lined out, additions are underlined.
[6] note that Bell dealt with these same three statutes. In light of Baker's restriction of the holding in Bell to necessarily lesser included offenses and our holding here that 893.13(1)(a), (d) and (e) are not necessarily included in trafficking, we reach the opposite result.