# STATE OF FLORIDA v. BELOSH and STATE OF FLORIDA v. CROMER

## Case No. 84-11640-CF

Fourth Judicial Circuit, Duval County

July 25, 1985

### APPEARANCES OF COUNSEL

**S.V. Bledsoe**, Assistant State Attorney, for plaintiff.

**Gene T. Moss** for defendant.

**Richard D. Nichols** for defendant.

### OPINION OF THE COURT

LOUIS SAFER, Circuit Judge.

*ORDER GRANTING MOTION TO SUPPRESS WIRETAP
EVIDENCE AS TO RICO PROSECUTION*

Defendants filed a Motion to Suppress and a Motion to Dismiss.

The issue is whether a wiretap authorized to investigate gambling

may be used in a RICO prosecution based on the predicate offense of gambling.

Defendants contend primarily that since RICO is not one of the enumerated crimes for wiretap under F.S. 934.07, any evidence gathered through a wiretap can never be used in a RICO prosecution.

Defendants also urge the Court to quash the warrant because of bad faith on the part of law enforcement, suggesting:

(1) Police officers who are assigned to bookmaking cases are well trained, astute and intelligent;

(2) Such officers are aware of RICO implications;

(3) The Court should not be misled by testimony that police officers were only interested in bookmaking;

(4) When the State Attorney files affidavit for a wiretap for bookmaking, there is sufficient information to know that there is basis for RICO prosecution;

(5) That the Court must be the protector of defendants who are at the mercy of law enforcement officers in having their potential penalty enhanced from bookmaking to RICO, subjecting them to 30 years instead of 5 years;

(6) That the Court should send a message to the prosecutors and law enforcement that this conduct will not be tolerated and that RICO cases should be prosecuted on RICO investigation.

The State counters with the argument that a wiretap is nothing more than search and seizure, and that once the wiretap is authorized, it is clothed with the aura of legality, and that any evidence contained through a legal search warrant can be used in the prosecution of a different crime.

The Court will attempt to reach a conclusion without becoming involved in the philosophical aspects suggested by defendants.

## AS TO SECOND CONTENTION

Considering defendants' argument to quash the warrant, the Court believes the case of *Franks v. Delaware*, 438 U.S. 154, 57 L.Ed.2d 667, 98 S.Ct. 2674 (1978) is controlling. In *Franks*, the United States Supreme Court held that where a defendant made a substantial preliminary showing that a false statement knowingly and intentionally or with reckless disregard for the truth was included by affiant in his affidavit for a search warrant and if the alleged false statement was necessary to the finding of probable cause, the fourth amendment

**35**

required that a hearing be held at the defendant's request so that he might challenge the truthfulness of the factual statements made in the affidavit.

In this case, I held that defendant had made a substantial preliminary showing in that the bookmaking wiretap resulted in a RICO prosecution. A hearing was held at which defendant called two law enforcement officers as witnesses. They testified as to the basis of the wiretap. The Court does not find from the testimony that there has been any false statement; reckless disregard for the truth or attempt to mislead the Court in the wiretap authorization, nor was there any attempt by law enforcement officers to circumvent the Florida wiretap law to obtain RICO evidence.

As held in *Franks*, there is a presumption of validity with respect to the affidavit supporting a search warrant and the burden of proof would be on the defendants to offset that presumption with sufficient evidence, which defendants have failed to do in this case.

## AS TO FIRST CONTENTION

Initially, it is important to understand the Florida wiretap statute. F.S. 934.07, which states in essence that a wiretap may be obtained "when such interception may provide or has provided evidence of the commission of the offense of murder, kidnapping, gambling, robbery, burglary, theft, dealing in stolen property, prostitution, criminal usury, bribery, extortion, or dealing in narcotic drugs or other dangerous drugs; any violation of the provisions of the Florida Antifencing Act; or any conspiracy to commit any violation of the laws of this State relating to the crimes specifically enumerated above". Thus, it is seen that RICO is not an enumerated crime.

F.S. 934.08(5) provides that "when an investigative or law enforcement officer, while engaged in intercepting wire or oral communications in the manner authorized herein, intercepts wire or oral communications relating to offenses for which an order or authorization or approval could have been secured pursuant to Section 934.07, other than those specified in the order of authorization or approval, the contents thereof and evidence derived therefrom may be disclosed or used as provided in subsections (1) and (2) of this section. . ." Thus, it is apparent that upon obtaining information from the bookmaking wiretap about RICO, it would have been impossible for law enforcement to have obtained a RICO wiretap based on the new information.

Florida law is different than federal law. Under parallel federal law, 18 U.S.C. Section 2517(5) [18 USCS § 2517(5)], evidence obtained in

36

the bookmaking wiretap would be admissible because Section 2517(5) allows the use of evidence of any offense other than the one under investigation.

I will now discuss several vital areas in reaching my conclusion.

## I. LEGISLATIVE INTENT

### A. RICO

In 1977, when RICO legislation was passed by the Legislature, the Judiciary—Criminal Committee proposed a bill that would have amended Section 934.07 by adding the following crime: any violation of the Florida RICO (Racketeer Influenced and Corrupt Organization) Act. This amendment was defeated (Defendant's Exhibits 1 and 2).

Defendants' Motion to Suppress also asserts that unsuccessful efforts were made in 1981 and 1982 to amend the wiretap bill to include RICO. The Court received no evidence of this but has no reason to disbelieve the allegations of the Motion.

While the Legislature has inferred that RICO was primarily designed to give law enforcement a tool against crime families, RICO is not limited to "family" type organized crime. It applies to anyone who sets up an enterprise and engaged in a pattern of racketeering in certain specified offenses, *United States v. Romano*, 736 F.2d 1432 (11th Cir. 1984); *United States v. Mandell*, 415 F.Supp.997, supp. p. 415 F. Supp. 1025 (N. Md. 1976).

### B. WIRETAPS

Section 934.01 contains legislative findings to-wit:

(3) Organized criminals make extensive use of wire and oral communications in their criminal activities. The interception of such communications to obtain evidence of the commission of crimes or to prevent their commission is an indispensable aid to law enforcement and the administration of justice.

However, the Legislative findings also attempted to protect privacy of citizens, to-wit:

(4) To safeguard the privacy of innocent persons, the interception of wire or oral communications when none of the parties to the communication has consented to the interception should be allowed only when authorized by a court of competent jurisdiction and should remain under the control and supervision of the authorizing court. Interception of wire and oral communications should further be limited to certain major types of offenses and specific categories of crime with

**37**

assurance that the interception is justified and that the information obtained thereby will not be misused.

The legislature attempted a balancing act—enforcement of the law against organized crime versus the privacy of citizens. The result was the use of wiretaps as to specific crimes and their exclusion as to others.

## II. THE USE OF WIRETAPS IN RICO PROSECUTIONS

It is obvious that RICO, 18 U.S.C. 1961 et seq. [18 USCS §§ 1961 et seq] F.S. Sections 895.01-.06, and the wiretap statutes, 18 U.S.C. Sections 2510 et seq. [18 USCS §§ 2510 et seq] F.S. Section 934.01 et seq., were enacted as different means to fight the same menace: organized crime. RICO aims to impose more serious penalties for certain offenses associated with organized crime, and the wiretap statutes aim to assist law enforcement officials in investigating and gathering evidence of organized crime. Federal law, 18 U.S.C. Section 2516(1)(c) [18 USCS § 2516(1)(c)] specifically authorizes wiretaps for suspected RICO violations.

However, F.S. Section 934.07 does not authorize wiretaps for suspected RICO offenses. The Florida legislature proposed adding RICO to the offenses enumerated in F.S. Section 934.07 in 1977 when RICO was enacted. But the legislature deleted, before the bill was passed, that part of the bill which included RICO in F.S. Section 934.07.

The question then arises, why did the legislature not include RICO violations, which "constitute a substantial danger to the economic and general welfare of the State of Florida" and for which "it is necessary to provide new criminal and civil remedies and procedure," in F.S. Section 934.07, when the legislature recognized that "organized criminals make extensive use of wire and oral communications" and that "the interception of such communications . . . is an indispensable aid to law enforcement"?

Probably the answer must be, as the defendant put it, that the legislature did not want to shoot a cannon at a gnat. The legislators apparently thought that the Attorney General should not have carte blanche to authorize wiretaps where he suspects someone of not paying cigarette or whiskey taxes, or of forging a check, or having a lettle penny ante card game. It appears that the Florida Legislature does not put as much faith in the discretion of its law enforcement officials as Congress puts in its, because unpaid cigarette taxes and gambling are predicate offenses in the federal RICO statute which in turn is an enumerated offense in the federal wiretap statute.

38

It appears evidence that the Florida Legislature did not want to approve the use of wiretaps for "trivial" crimes. But this raises the question of whether the Florida Legislature intended to authorize wiretaps for little penny ante card games or $10 bribes (both are enumerated offenses in F.S. Section 934.07 for which wiretaps may be obtained) but not for a statewide "enterprise" engaging in a "pattern of racketeering activity" involving millions of dollars from gambling, prostitution, and bribes?

F.S. Section 934.07 was enacted to combat organized crime. Therefore, it is doubtful that the legislature intended to authorize wiretaps for small, isolated offenses and not for an organized and extensive criminal enterprise. But that is what the legislature apparently did.

### III. Section 2517(5) and Section 934.08(5)

18 U.S.C. Section 2517(5) [18 USCS § 2517(5)] and F.S. Section 934.08(5) provide for the possibility that law enforcement officials conducting a wiretap may hear evidence of crimes other than those being investigated by authorizing the use of such other evidence in specified situations.

Section 2517(5) provides for disclosure of "communications relating to offenses other than those specified in the order of authorization or approval" when the communications are discovered inadvertently and in good faith while engaged in an authorized wiretap. *United States v. Pacheco*, 489 F.2d 554 (5th Cir. 1974), *reh. denied*, 491 F.2d 1272 (5th Cir. 1974). *cert. denied*, 421 U.S. 909, 95 S.Ct. 1558, 43 L.Ed.2d 774 (1975); *United States v. Hassez*, 560 F.Supp.1040 (S.D. Fla. 1982); *United States v. Lanza*, 341 F.Supp. 405 (M.D. Fla. 1972).

The primary purpose of this section is to exclude evidence the seizure of which violates Section 2510 et seq., not to exclude evidence the disclosure of which may be unauthorized. *United States v. Horton*, 601 F.2d 319 (7th Cir. 1979), *cert. denied*, 444 U.S. 937, 100 S.Ct. 287, 62 L.Ed.2d 197 (1979). It is now an accepted rule that evidence obtained pursuant to a valid wiretap authorization may be used in federal criminal proceedings where the defendant is charged with a crime not enumerated in the affidavit supporting the wiretap nor in the statute. *Pacheco, Hassez, Lanza. United States v. McKinnon*, 721 F.2d 19 (1st Circuit, 1983).

The Florida wiretap statute has the same intent as the federal law, but not the same effect. In its effort to protect the right to privacy, the Florida Legislature has drastically reduced the effectiveness of F.S. Section 934.08(5). That section provides for disclosure of only those

**39**

"communications relating to offenses for which an order or authorization or approval could have been secured pursuant to Section 934.07." This limiting language is much narrower than that of the federal statute which permits the use of evidence of any other offense. States are entitled to enact wiretap statutes narrower than the federal statute. 1968 U.S. Code, p. 2187; *United States v. Geller,* 560 F.Supp. 1309 (D. Pa. 1983).

## IV. IS RICO A NEW OFFENSE?

The state contends that RICO does not create any new substantive crimes, that it merely enhances penalties by punishing multiple acts as one big continuous act rather than as several small isolated acts. In other words, the predicate RICO offense in this case is gambling, gambling is an enumerated offense in F.S. Section 934.07, and the RICO prosecution is actually a gambling prosecution with enhanced penalties.

Florida and Federal courts have held, however, that the double jeopardy clause does not prohibit a defendant from being convicted of RICO and of the predicate offenses. *Carrol v. State,* 459 So.2d 368 (Fla. 5th DCA 1984); *United States v. Peacock,* 654 F.2d 339 (5th Cir. 1981). RICO requires the state to prove the existence of an "enterprise" engaged in a "pattern of racketeering activity." Therefore, RICO does not merely enhance criminal penalties, it punishes a pattern of, or "organized" criminal conduct. Several isolated acts cannot be used as predicate offenses in a RICO prosecution, the acts must have "the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents." F.S. Section 895.02(4).

The state also argues that even if RICO is a separate substantive offense, several cases hold that evidence of other offenses is admissible under the wiretap statute. This is true of federal law, which permits the use of evidence of any other offense. Florida, however, has limited "other offenses" to only those offenses "for which . . . authorization . . . could have been received."

## V. SEARCH AND SEIZURE LAW

The State also argues that the Florida Constitution was recently amended to comply with federal search and seizure law which allows law enforcement officials to seize evidence of other crimes while conducting a valid search. This assertion is a correct statement of the federal wiretap statute. But, states are not prohibited from drawing narrower exceptions to the right of privacy, search and seizure law

40

merely provides the outer limits of such exceptions. F.S. Section 934.08(5) is a situation where the state legislature has enacted an extremely narrow exception which futher limits the state's right to conduct searches under the applicable federal law.

## CONCLUSIONS

Although Florida followed the U.S. Government in attempting to use wiretaps to prosecute RICO offenses, the Florida Legislature did not adopt as broad a language as the federal code.

This restricted language prohibits the use of wiretap evidence for anything but prosecution of enumerated offenses under 934.07. RICO is not an enumerated offense. The Court is unable to rewrite the statute.

Under Section 934.08(5) evidence of another offense (RICO) obtained by a properly authorized wiretap to investigate an offense enumerated in F.S. 934.07 (gambling) cannot be used in a court proceeding since the other offense (RICO) is not enumerated in F.S. 934.07. Therefore the wiretap evidence must be suppressed as to the RICO prosecution.

ORDERED AND ADJUDGED that the motion to quash the wiretap is denied, but the motion to suppress is granted as to the use of wiretap evidence in prosecution of RICO. This shall not exclude use of wiretap for prosecution of bookmaking and other offenses considered as gambling.