504 So.2d 436 (1987)
James Michael TAFFER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2261.
District Court of Appeal of Florida, Second District.
February 27, 1987.
Rehearing Denied March 30, 1987.
*437 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
The defendant appeals his convictions and sentences for possession and sale of marijuana and possession of and trafficking in cocaine. We reverse the imposition of court costs, but affirm the convictions and the sentences in all other respects.
The incidents giving rise to these charges began when an undercover detective saw the defendant in a car stopped at a traffic light, smoking what the detective believed to be marijuana. The detective asked the defendant, through the open windows of their cars, whether the defendant knew where the detective could get some marijuana. The defendant told the detective to follow him, which the detective did. The defendant then sold the detective an ounce of marijuana and gave the detective a telephone number to contact him for a subsequent sale.
The detective telephoned defendant and arranged another meeting, at which the defendant again sold marijuana to the detective. At that meeting the defendant informed the detective that he had cocaine for sale. Another meeting was arranged at which the defendant produced three-quarters of an ounce of cocaine. The detective refused that amount as being not enough and told the defendant he would give the defendant the entire $2,800 which the detective was carrying if the defendant produced a total of one and one-half ounces of cocaine. The defendant did so. The detective subsequently arrested defendant.
As his first point on appeal, the defendant contends that the trial court erred in denying defendant's motion to dismiss because the detective's conduct, by *438 failing to comply with the two-pronged test of Cruz v. State, 465 So.2d 516 (Fla. 1985), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), constituted entrapment. See also State v. Eichel, 495 So.2d 787 (Fla. 2d DCA 1986), cert. denied, 503 So.2d 326 (Fla. 1987). It is contended that since there was no evidence that defendant had sold controlled substances before the first transaction with the detective, there was no evidence that the defendant had a predisposition to commit the crime. The defendant also argues that the detective did not use means reasonably tailored to arrest only those involved in ongoing criminal activity. We disagree with these contentions. Defendant was first seen by the detective in possession of what the detective believed to be marijuana. The detective could reasonably believe that the defendant had purchased the marijuana somewhere. Thus, the detective's question to the defendant about where the detective could get some marijuana had at its end the interruption of ongoing criminal activity. The detective did not know that the defendant himself would offer to sell marijuana, but when the defendant did so, the detective's actions were reasonably tailored to apprehend persons involved in the ongoing criminal activity of the sale of drugs.
As his second point, defendant contends that the trial court erred in denying defendant's motion to dismiss because the detective's conduct, by luring defendant into committing more serious crimes rather than arresting defendant initially for simple possession of marijuana, was so outrageous as to be a violation of due process. We disagree. Conduct of law enforcement officers under certain circumstances can be found to be so outrageous that due process principles prohibit prosecution. See, e.g., United States v. Russell, 411 U.S. 423, 431-32, 93 S.Ct. 1637, 1642-43, 36 L.Ed.2d 366, 372-74 (1973); State v. Glosson, 462 So.2d 1082 (Fla. 1985). However, we do not conclude that the detective's conduct in this case was made outrageous by his failure to protect defendant from committing additional crimes.
As his third point, defendant contends that his convictions and sentences for both possession of cocaine and trafficking in cocaine, which arose from the same incident, constituted a violation of constitutional double jeopardy provisions. We disagree. Rotenberry v. State, 468 So.2d 971 (Fla. 1985), is direct authority that convictions of possession and trafficking do not constitute double jeopardy because possession is not a lesser included offense of trafficking. The reason is that a comparison of the statutory offenses of trafficking and possession shows that each requires proof of an element not required in the other. 468 So.2d at 976. Apparently the implicit Rotenberry rationale is that trafficking requires proof of the element of twenty-eight grams, an element not required for possession, and, on the apparent basis that trafficking can occur from a sale and a sale can occur without possession, possession requires proof of the element of possession which is not required for trafficking. We emphasize the word "requires," as does the Rotenberry opinion. The reason is that confusion  and even potentially different results  could occur from using language, as is sometimes done, concerning merely whether each offense contains an element not contained in the other.
As his fourth point, defendant argues that the application of section 27.3455, Florida Statutes (1985), to him as an indigent defendant violates the equal protection clause of the United States Constitution. We disagree. This court has previously decided that issue adverse to that argument. See Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986). However, we agree with defendant's fifth point that the imposition of court costs pursuant to section 27.3455, Florida Statutes (1985), was error because his crime was committed before the effective date of the 1985 amendment to that section. See Bowman v. State, 495 So.2d 868 (Fla. 2d DCA 1986). Accordingly, that portion of defendant's sentence is stricken.
The imposition of court costs pursuant to section 27.3455 is stricken. The remaining sentences and the convictions are affirmed.
*439 CAMPBELL, J., concurs.
RYDER, A.C.J., concurs specially with opinion.
RYDER, Acting Chief Judge, concurring specially.
I concur with the opinion rendered herein but incorporate my specially concurring opinion rendered in Stone v. State, 500 So.2d 572 (Fla. 2d DCA 1986).