LEHAN, Judge,
concurring specially.
This case involves convictions and sentences for both a RICO offense and the predicate offenses out of which the RICO offense arose. For the conclusion that no double jeopardy existed, the majority cites and follows Carroll v. State, 459 So.2d 368 (Fla. 5th DCA 1984). I agree with the result here and in Carroll but not on the basis of the rationale I understand was used by the majority opinion in Carroll. This concurring opinion is a brief effort to promote clarity and consistency in what has been referred to as “this complicated area” which “is still far from being clear and will continue to occupy much of the [supreme court’s] time in future years.” Eleazer, Substantive Criminal Law, 1985 Survey of Florida Law, 10 Nova L.J. 999 (1986).
In Carroll the majority opinion concluded that a RICO offense and its predicate offenses, which in that case were drug offenses, were not separate offenses under a Blockburger analysis, but that a legislative intent to punish for both the RICO offense and the predicate offenses should nonetheless be perceived from the general RICO statutory scheme. In my view, as explained below, a Blockburger analysis applied in the manner set forth in Rotenberry v. State, 468 So.2d 971 (Fla.1985), yields the conclusion that the RICO offense and the predicate offenses in this case and in Carroll are separate offenses and for that reason no double jeopardy exists.
In this case the crimes which provided the predicate offenses for the section 895.-03 RICO conviction were bookmaking, violations of section 849.25. Under the analysis set forth in Rotenberry, double jeopardy is not applicable when “a comparison of the statutory offenses ... shows that each requires proof of an element not required in the other.” Taffer v. State, 504 So.2d 436 (Fla. 2d DCA 1987) (emphasis in original). Here the statutory RICO offense requires the element of “a pattern of racketeering activity” which is not required for the statutory bookmaking offenses, and the statutory bookmaking offenses require the element of, for example, “taking or receiving any bet or wager....” which is not required for the statutory RICO offense. That is, the RICO statute requires a pattern of offenses which is not required by the bookmaking statute, and, on the other hand, the bookmaking statute requires elements which are not necessarily required for a statutory RICO violation because a RICO violation can be proven by a pattern of any one of a number of enumerated offenses other than bookmaking, e.g., drug offenses and weapons offenses.
This analysis is similar to that in Taffer where, following Rotenberry, we concluded that there was no double jeopardy from convictions and sentences for both trafficking in cocaine and possession of cocaine.
Thus, the same result as that reached in Carroll —no double jeopardy from a RICO conviction and convictions for its predicate offenses — is produced by a Rotenberry analysis, so called here because, as pointed up in Taffer, Rotenberry makes clear what the Blockburger analysis is to be (and in some cases seems erroneously not to have been) in the context of determining for double jeopardy purposes whether there are separate offenses. This type of analysis is a tool for determining the governing legislative intent in this context, Houser v. State, 474 So.2d 1193, 1196 (Fla.1985), which may produce more consistency and which would seem to provide courts with a more clear cut methodology than undertaking to perceive that intent on a statute by statute basis as appears to have been done in Carroll. This tool should not be used, however, concerning crimes for which a legislative intent contrary to that indicated by application of a Rotenberry analysis is otherwise clear, as in single homicide situations, 474 So.2d at 1197, and when the legislature unambiguously specifies whether there may not be convictions for two crimes arising out of one course of conduct, *484 as in section 812.025, which provides that in cases of theft and dealing in stolen property “the trier of fact may return a guilty verdict on one or the other, but not both_” See Eleazer at pp. 997-98.
Nor do I agree with the rationale of the Carroll dissent which seems to rely upon a pleadings analysis. As the Florida Supreme Court has said, “[f]or double jeopardy purposes, this Court is bound to consider only the statutory elements of the offenses, not the allegations or proof in a particular case.” State v. Baker, 452 So.2d 927, 929 (Fla.1984).