PER CURIAM.
In 1987, Carbone was sentenced to four years probation for four counts of sale of cocaine and four counts of possession of cocaine. In 1989, he was charged with armed robbery and felonious display of a firearm in the commission of a robbery. After he was found guilty in the 1989 case of “Armed Robbery Without A Firearm” as a lesser included offense of Count I, the trial judge scored the prior offense as eight individual prior convictions — four for the sale of cocaine and four for the delivery of cocaine. Scoring the eight prior offenses separately, notwithstanding that they were included in a single information and that four of them are lesser included offenses of the other four, resulted in a high guideline sentence. The defendant was sentenced to the maximum twenty-two years on the new offense, followed by the maximum three and one-half years for the probation violation.
Carbone contends that it was error to calculate the probation felonies as eight separate convictions so as to enhance the sentence for the present offense. Because the defendant was convicted for the 1986 offense in February 1987, before Carawan v. State, 515 So.2d 161 (Fla.1987), was decided in September 1987, the argument fails. The pre-Carawan line of cases following section 775.021(4), Florida Statutes (1983), are binding, and permit separate convictions for the crimes of sale and possession of cocaine. See, e.g., Rotenberry v. State, 468 So.2d 971 (Fla.1985) (sale and possession of cocaine are different crimes subject to separate punishments).
Although we must affirm the conviction and sentences, the cause is remanded for correction of the judgment to reflect the jury finding that the robbery was committed without a firearm.
Affirmed and remanded.